STATE *v.* LANDIS.

(*Nashville,* December Term, 1940.)

Opinion filed February 1, 1941.

ERNEST F. SMITH, Assistant Attorney-General, for the State.

ROBERT L. LANDIS, of Nashville, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Defendant was indicted on October 13, 1938, under section 10949 of the Code, which provides:

"Any person who, by any false pretense, or by any false token or counterfeit letter, with intent to defraud another, obtains from any person any personal property, or the signature of any person to any written instrument, the false making of which is forgery, shall, on conviction, be imprisoned in the penitentiary nor less than three nor more than ten years."

It is the theory of the state that the prosecutor, W. W. Shea, sold a lot of land in Davidson County to defendant for a recited consideration of $4,400, of which sum $400 was paid in cash, and deferred purchase-money notes executed for the balance. Shea executed a straight deed to defendant, and defendant was to secure the purchase-money notes by a mortgage on the property. Defendant prepared the instruments and submitted them to Shea, who approved them. Defendant then carried the mortgage away to be executed by himself and wife, and, according to the allegations of the indictment, fraudulently and falsely inserted in said mortgage the following sentence: "Said notes are to be second to a first mortgage, nor to exceed two thousand dollars, which may hereafter be placed upon the within described property." Defendant thereafter placed a first mortgage on said property for $1,500. Shea, it is averred, had the mort-

gage registered without reading and discovering this alleged fraudulent provision. The offense was alleged to have occurred on October 15, 1934. Under section 11483 of the Code the prosecution of such an action must be commenced within four years.

On May 20, 1939, the trial court, on motion, quashed the indictment without recommitting it to the grand jury because the same did not set out the written instrument and the signature of the person defrauded.

On July 3, 1939, the grand jury again indicted defendant, in which the errors of the first indictment were corrected. It is averred in the new indictment that defendant has been a resident of Michigan for three years within the meaning of section 11488 of the Code; also, that the defendant concealed the fact of the crime, during which time the period of limitation is not in effect according to section 11488 of the Code.

To the second indictment the defendant filed the following pleas: (1) Not guilty; (2) Statute of Limitations of four years; (3) denial that he concealed the fact of the crime; and (4) denial that he "was not usually and publicly a resident of Tennessee for a period of three years next preceding the filing of the original indictment."

Upon the same day that the foregoing pleas were filed defendant entered a motion to dismiss the indictment because it states no crime, etc.

The case was heard by the court without a jury on May 22, 1940, "upon the indictment in this cause, as well as the prior indictment, the plea of the defendant of the Statute of Limitations, . . . the hearing of testimony of witnesses for the State and the defendant, from all of which the Court is of the opinion that the plea of the Statute of Limitations of the defendant should be sustained.

"It is therefore ordered by the Court that the plea of the Statute of Limitations be, and the same is hereby sustained, and the indictment in this cause is dismissed."

One of the grounds of the State's motion for a new trial was that the court was without power to hear and determine the issues of fact as to the Statute of Limitations, which motion the court erroneously overruled. Such a practice has never prevailed in this jurisdiction, and the court was without authority to hear the case by piecemeal; but the Statute of Limitations, as well as the other pleas, should have been submitted to the jury at one time.

Section 11740 of the Code provides as follows:

"When any defendant to any prosecution shall enter the plea of former conviction, he shall not be debarred thereby of the right to enter or rely upon any other or as many other pleas as would be a good defense to the indictment."

In *Crippen* v. *State,* 50 Tenn. (3 Heisk.), 25, 26, it was said: "Formerly, double pleading was not allowed in criminal cases: [*Hill* v. *State*], 10 Tenn. (2 Yerg.), 248; [*State* v. *Copeland*], 32 Tenn. (2 Swan), 626. Now, however, a defendant may plead autrefois convict, or former conviction, and he may also enter and rely upon any other plea or pleas that would be a good defense to the indictment: Act of 1860, chap. 102, p. 97.

"But these pleas should all be relied upon on the same trial, and the privilege of putting in several pleas does not give the right to have a separate trial upon each plea."

So far as we are advised, this practice has never been departed from.

In 14 Am. Jur., Criminal Law, sec. 262, it is said:

"The common-law pleas to an indictment are: (1) Plea

of guilty; (2) plea to the jurisdiction; (3) demurrer; (4) plea in abatement; (5) special plea in bar; and (6) the general issue or the plea of not guilty. These pleas may not exist in all jurisdictions, but it is obvious that indictments must be answered in one of the ways indicated, no matter what nomenclature is used. The plea of guilty is discussed in another place. Pleas to jurisdiction, in abatement, and demurrers are like the same pleas in a civil suit. Special pleas in bar are: (1) Former conviction; (2) former acquittal; and (3) pardon. A pardon may be pleaded in bar, as it destroys the purpose of the indictment by remitting the punishment which the prosecution is intended to inflict. A plea of not guilty puts in issue every essential allegation of the indictment—that is, every essential element of the offense charged, among which may be mentioned the truthfulness of a statement in the indictment that certain facts were unknown to the grand jurors and the sufficiency of the matters alleged in the indictment to constitute a crime. However, the failure of an indictment to set forth the offense with sufficient clearness and certainty should be taken advantage of by demurrer, and not urged under a plea of not guilty.

"A plea which does not answer the whole indictment or all the counts to which it is pleaded is defective. A special plea in bar which contains matters properly admissible as defense under the plea of not guilty is improper; the proper plea is not guilty."

To the same effect is the text in 22 C. J. S., Criminal Law, Section 436, which is as follows:

"In a criminal prosecution accused may, and should, plead specially in bar any matter in confession and avoidance constituting a defense and not admissible under a plea of not guilty. He need not plead specially any defense which is admissible under the plea of not guilty,

and by the weight .of authority a special plea setting up a defense which is admissible under the plea of not guilty is bad and should be disallowed, unless it tenders merely an issue of law.''

In *Turley* v. *State,* 50 Tenn. (3 Heisk.), 11, 13, 14, the court said: ''In the case of *State* v. *Bowling,* 29 Tenn. (10 Humph.), 52, the question came before this court in another form, and it was held, that the proper plan for defendant to avail himself of the defense of the Statute of Limitations of twelve months, was by proof of the fact on the trial, and not by motion in arrest of judgment, plea or demurrer. That case recognizes the doctrine of the case of *Wilson* v. *State,* 15 Tenn. (7 Yerg.), 516, but only undertakes to settle a question of practice under it. A contrary doctrine, however, is held in the case of *Carden* v. *State,* 40 Tenn. (3 Head), [267], 268, to the effect, that if the prosecution be for a felony, and the party be convicted of a misdemeanor, the limitation prescribed in felonies of the grade of that charged, will apply, and not the limitation for the misdemeanor, of which the party was found guilty. We cannot assent to this proposition. The citizen has a right to be tried by the forms and requirements of the law. In the accusation of felony against him, he is also accused of a misdemeanor. A conviction of the misdemeanor, charged and proven to have been committed more than one year before the finding of the bill of indictment, is a nullity. He cannot be punished for it. We had rather accept the reasoning in *Wilson* v. *State,* 15 Tenn. (7 Yerg.), 516, of Judge GREEN, that a contrary doctrine would defeat the intention of the act of Assembly, and prosecutions for assaults and batteries, might be gotten up at any distance of time, provided a grand jury could be induced to find a bill for an assault with an intent to kill. A

temptation would be held out to prosecutors too, to commit prejury, in order to get such indictment found that the Statute of Limitations may not operate.''

The foregoing cases were cited approvingly in *Hickey* v. *State,* 131 Tenn., 112, 174 S. W., 269.

Upon the foregoing authorities we hold that it was unnecessary for defendant to plead specially the Statute of Limitations, as he can avail himself of that defense, under his plea of not guilty, by establishing the fact by proof on the trial.

For the reasons stated, the judgment of the trial court is reversed and the case remanded for trial in accordance with this opinion.