STATE of Tennessee, Appellee,

v.

**Ruby Lee HILL, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 5, 1981.

Marvin E. Ballin, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., James M. Dedman, III, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

SCOTT, Judge.

Convicted as a second offender of the offense of shoplifting, the appellant received a sentence of six months and one day in the Shelby County Jail and a fine of $350.00. In this appeal the appellant has presented three issues. First, she challenges the sufficiency of the convicting evidence.

On March 8, 1979, Bobby R. Davis, an off-duty Memphis Police Officer, was employed as a security officer at the Safeway Store at 1665 Winchester in Memphis. As part of his duties, he was looking through a two-way mirror observing the customers doing their grocery shopping. He saw the appellant take two packages of Pierre Cardin men's cologne from a shelf in the store and place them on top of her purse. She continued her shopping, looked around, and then went up another aisle. The appellant then took the bottles out of the boxes, put the bottles in her purse and returned the empty boxes to a shelf. She then continued her shopping and went to the greeting card rack where she took some cards which she also placed in her purse.

The appellant went through the checkout lane, paid for the other items which she had purchased, but did not pay for any of these items. She was then apprehended.

Defense counsel, with the full concurrence of the appellant, stipulated, that she was the same person who had been previously convicted in the Memphis City Court of a previous offense of shoplifting.

Based on this uncontroverted proof, there was overwhelming evidence to convince a rational jury that the appellant was guilty beyond a reasonable doubt. Rule 13(e), T.R.App.P., *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2786–2792, 61 L.Ed.2d 560 (1979).

In the next issue the appellant contends that the verdict was excessive since the record fails to disclose that she specifically requested the jury to set all punishment. She contends that since TCA, § 40–2704, requires the trial judge to fix the punishment in misdemeanor cases, unless the defendant requests the jury to do so, and since Article VI, § 14, of the Tennessee Constitution requires the jury to assess any fine in excess of $50.00, that the maximum fine which could have been assessed would have been $50.00. If the appellant's logic was correct, then nobody could ever be fined more than $50.00 in Tennessee. A criminal defendant could, by his refusal to ask the jury to set the punishment, limit the fine to that meager sum in every case. Neither the Constitutional Convention of 1870, nor the General Assembly intended such an absurd result.

■ The appellant's position must fail because TCA, § 40–2525, provides that "(w)here an indictable offense is punishable by fine, or by fine and imprisonment, the jury shall assess the fine, if, in their opinion, the offense merit (sic) a fine over $50.00." This statutory provision clearly grants the jury the authority to set the fine when, in its collective wisdom, the jury believes the offense merits a fine greater than fifty dollars, as they did in this case. This issue has no merit.

Finally, the appellant contends that the state has failed to carry its burden of proof by failing to prove that the offense occurred on a date prior to the finding of the indictment by the Shelby County Grand Jury. Although the proof clearly showed that the offense occurred on March 8, 1979, the defendant contends that prosecution failed to prove the date the indictment was returned by the grand jury. TCA, § 40–204, sets the statute of limitations for shoplifting, a misdemeanor, at twelve months. Since the case was tried on May 7, 8, and 9, 1980, the appellant contends that, in the absence of proof that the grand jury returned the indictment within a year, the state has failed to carry its burden of proof. She contends further that since the indictment is not proof, but only an allegation, and that the date of its return must be proven beyond a reasonable doubt just like the elements of the offense must be proven.

The appellant relies upon the case of *State v. Landis*, 177 Tenn. 304, 145 S.W.2d 1032, 1034 (1941), where the Supreme Court stated that it was unnecessary for a defendant to specifically plead the statute of limitations, since he can avail himself of that defense under his plea of not guilty by establishing the fact on the trial.

Rule 12(b), T.R.Cr.P., seems to limit the efficacy of *State v. Landis*, Id. This rule provides that among the matters which must be raised prior to trial are "defenses and objections based on defects in the institution of the prosecution" or "defenses and objections based on defects in the indictment" (other than lack of jurisdiction or failure to charge an offense).

■ In this case the issue was never presented to the trial court until the appellant filed her amended motion for a new trial. Her presentation of this issue was far too late. Rule 12(b), T.R.Cr.P., *State v. Bowling*, 29 Tenn. (10 Humph.) 52 (1849).

■ Additionally, the issue has no merit since the appellant failed to "establish the fact (of the expiration of the statute of limitations) by proof on the trial." *State v. Landis*, supra, *State v. Bowling*, supra. This issue cannot be first urged upon the court in the motion for a new trial.

■ Finally, we note that the issue, even if properly presented, would be spurious. The date of the offense was March 8, 1979. The record reveals that the indictment was returned by the Shelby County Grand Jury on May 22, 1979, seventy-five days after the offense. Seventy-five days is less than twelve months. *The World Almanac and Book of Facts, 1981*, pp. 786–787. Therefore, the issue is devoid of any merit.

Having rejected the appellant's contentions on all issues, the judgment is affirmed.

O'BRIEN and DUNCAN, JJ., concur.