**STATE of Tennessee, Appellee,**

v.

**Ruby FARMER & David M. Whisman, Appellants.**

Court of Criminal Appeals of Tennessee, at Knoxville.

July 3, 1984.

Thomas E. Cowan, Jr., Elizabethton, for appellants.

William M. Leech, Jr., Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Lynn Brown, Asst. Dist. Atty. Gen., Elizabethton, for appellee.

## OPINION

DWYER, Judge.

This consolidated appeal arises from two convictions for the offense of being in physical control of an automobile while under the influence of an intoxicant, T.C.A. § 55–10–401(a). Appellant Ruby Farmer was convicted by a jury on June 22, 1983, and appellant David M. Whisman was found guilty in a jury trial on July 7, 1983. Both appellants were sentenced to confinement for 11 months and 29 days, fined $250 and prohibited from driving for one year. The trial court suspended all but ten days of Farmer's sentence and all but eight days of Whisman's sentence.

The appellants raise two common issues, which are: (1) whether the appellants were entitled to an arrest of judgment upon the allegation that the body of T.C.A. § 55–10–401(a) is broader than its title in violation of Art. 2, § 17 of the Tennessee Constitution; and (2) whether the evidence is sufficient to sustain the verdicts. Whisman has an additional issue concerning the trial court's denial of his special request for a jury instruction defining the term "automobile."

The evidence in the Farmer trial reflects that the appellant was arrested on July 30, 1982, on Tollett Road in Hampton, Tennessee, by a deputy and a lieutenant of the Carter County Sheriff's Department. The deputy testified that when he approached the appellant's vehicle, it was in the middle of the road blocking traffic from both directions. The appellant was behind the wheel with her lights on and the engine running. When the deputy commanded her to step out of the car, the appellant refused and drove her car in reverse some ten feet before stopping. The deputy opened the car door and appellant got out. After refusing to take a field sobriety test, the appellant was placed under arrest and taken into custody. She refused to submit to a blood-alcohol test after being advised of her rights under the implied consent law. In the deputy's opinion, appellant was "pretty" drunk; she was unstable on her feet, her speech was slurred and her eyes were bloodshot. The lieutenant described the appellant as having a "large" odor of alcohol about her breath and her person. The appellant did not testify.

In the Whisman trial, a Carter County deputy testified that he observed an automobile parked in the emergency lane of Highway 19–E in the evening hours of February 27, 1983. The appellant, who was inside the vehicle, told the deputy that he had been driving the car when it had a flat tire. The deputy observed that the keys were in the ignition and the ignition was on, but the motor was not running. He also noticed several opened and unopened cans of beer in the car and smelled the odor of alcohol about appellant's person. Appellant was given a series of field sobriety tests which he did not pass. The other deputy who assisted in the arrest testified that when he arrived on the scene, appellant was sitting behind the wheel and the ignition was on. Although the engine was not running, the hood and fender of the car were warm. The officer who transported appellant to the police station testified that appellant had the odor of alcohol on his breath, slurred speech and was unsteady on his feet. Appellant was tested on a breathalyzer machine, and his blood-alcohol content registered .25 percent.

The appellant testified that he drank two beers at the Lakeshore Marina on the night in question and was returning to Laurel Bloomery when his tire blew out. He parked in the emergency lane on Highway 19–E and stayed there one and a half hours until the police came. Appellant insisted that he was sober when he stopped the car but admitted that he became intoxicated after drinking twelve or more beers while parked in the emergency lane. He explained that it was a cold evening so he operated the engine in order to keep warm. Appellant testified that he left Laurel Bloomery with a full case of beer. He denied drinking eighteen beers although six full cans were found in his car.

We review the evidence on appeal in the strongest legitimate light to the the-

ory of the State. *State v. Cabbage,* 571 S.W.2d 832 (Tenn.1978). The verdict of the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in favor of the theory of the State. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978).

■ In the Farmer trial, an officer testified for the State that he observed the appellant backing her vehicle and she appeared to be intoxicated. While the jury acquitted appellant of driving under the influence, the evidence clearly supports the finding that she was in physical control of her vehicle while under the influence. *See Hester v. State,* 196 Tenn. 680, 270 S.W.2d 321 (1954). Any rational trier of fact could have found her guilty beyond a reasonable doubt. T.R.A.P. 13(e).

■ Appellant Whisman was also acquitted on the first count of the indictment charging him with driving under the influence but was found guilty under the second count charging him with being in physical control of an automobile while under the influence. Appellant does not dispute the overwhelming evidence of his intoxication at the time of his arrest but contends that he could not be convicted of being in control of the vehicle while intoxicated because his car was arguably incapable of movement due to a flat tire. We disagree. The arresting officers testified that when they approached appellant's vehicle, he was sitting inside, the ignition was on and the hood was warm. We take judicial notice of the fact that a car with a flat tire is capable of movement and thus continues to pose a threat to the safety of the public when it is under the control of an intoxicated driver. The evidence is sufficient to enable a rational trier of fact to find appellant guilty of being in physical control of an automobile while intoxicated. *Hester v. State, su-*

*pra;* T.R.A.P. 13(e). This issue is overruled.

■ In the next issue, both appellants attack T.C.A. § 55–10–401(a) as being broader than its title in violation of Art. 2, § 17, of the Tennessee Constitution. This issue was raised in their motion for an arrest of judgment, Tenn.R.Crim.P. 34, but was not raised prior to trial. The indictments clearly charge the appellants with both D.U.I. and being in physical control of an automobile while under the influence. The trial court clearly had jurisdiction in both cases; hence, the failure to make a motion to dismiss the indictments prior to trial constituted a waiver of this issue. Tenn.R.Crim.P. 12(b)(2). Furthermore, the codification of the statute cured any defect in the caption. *See Howard v. State,* 569 S.W.2d 861, 863 (Tenn.Cr.App.1978). This issue is overruled.

■ The final issue raised by appellant Whisman concerns the denial of his special request for a jury instruction defining the term "automobile." Rather than filing a motion for a new trial, appellant moved for an arrest of judgment or judgment of acquittal. The issue regarding the requested jury charge was not raised in the motion for arrest of judgment or judgment of acquittal and has therefore been waived. This issue overruled, the judgment of the trial court is affirmed.

WALKER, P.J., and O'BRIEN, J., concur.