**STATE of Tennessee, Appellee,**

v.

**William Therrell SEAGRAVES, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 12, 1992.

Permission for Leave to Appeal Denied May 4, 1992.

Charles W. Burson, Atty. Gen. & Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, Robert "Gus" Radford, Dist. Atty. Gen., Huntingdon, John W. Overton, Jr., Asst. Dist. Atty. Gen., Savannah, Eleanor Cahill, Asst. Dist. Atty. Gen., Huntingdon, for appellee.

W. Jeffery Fagan, Asst. Public Defender, Camden, for appellant.

## OPINION

JONES, Judge.

The appellant, William Therrell Seagraves, was convicted of involuntary manslaughter by a jury of his peers. Since the crime was committed prior to July 1, 1982, the jury sentenced the appellant to serve not more than five (5) years in the Department of Correction.

The appellant has presented three issues for review. He contends that the

evidence contained in the record is insufficient, as a matter of law, to support his conviction,[1] the trial court committed error of prejudicial dimensions in denying his motion to dismiss the indictment on the ground the indictment charged an incorrect statute,[2] and the trial court committed error of prejudicial dimensions in denying his motion for judgment of acquittal following the State's case-in-chief.[3] These issues are devoid of merit.

The record reflects that the appellant was tried for the offense of second degree murder. As previously stated, the jury convicted the appellant of involuntary manslaughter, a lesser included offense. The record reflects that the statute of limitations had expired before the prosecution for this offense was commenced. Consequently, the determinative question is whether the trial court had subject-matter jurisdiction of this offense. Since this issue was not raised by the parties, it is appropriate for this Court to determine whether it may consider the issue *sua sponte*. If this question is answered in the affirmative, this Court must further determine whether the appellant's failure to raise this issue prior to trial, include the issue in his motion for a new trial, or present this issue for review in this Court constituted a waiver of the issue.

### I.

■ While appellate review is generally limited to the issues presented for review, the appellate courts of this State are empowered to consider issues which have not

been presented for review. Tenn.R.App.P. 13(b); Tenn.R.Crim.P. 52(b). *See State v. Goins*, 705 S.W.2d 648 (Tenn.1986); *State v. Maynard*, 629 S.W.2d 911 (Tenn.Crim. App.1981); *State v. Harless*, 607 S.W.2d 492 (Tenn.Crim.App.1980).[4]

Rule 13(b), Tenn.R.App.P., mandates that appellate courts determine whether the trial court and the appellate court have subject-matter jurisdiction of the matter in controversy. The rule states in part: "The appellate court *shall* also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review...." In *Scales v. Winston*, 760 S.W.2d 952, 953 (Tenn.App. 1988), the Court of Appeals observed: "It is the duty of any court to determine the question of its jurisdiction on its own motion if the issue is not raised by either of the parties, inasmuch as any judgment rendered without jurisdiction is a nullity. *Ward v. Lovell*, 21 Tenn.App. 560, 113 S.W.2d 759 (1937)." In *County of Shelby v. City of Memphis*, 211 Tenn. 410, 411, 365 S.W.2d 291, 292 (1963), our Supreme Court *sua sponte* reversed the judgment of the trial court and dismissed the appeal because the Court found that the trial court did not have subject-matter jurisdiction.

Rule 13(b), Tenn.R.App.P., also provides that an appellate court "may in its discretion consider other issues in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process." In addition, Rule

---

1. There is sufficient evidence contained in the record to support a finding by a rational trier of fact that the appellant was guilty of involuntary manslaughter beyond a reasonable doubt. Tenn.R.App. 13(e).

2. The indictment charged the offense of murder in the second degree. It alleged the offense was "in violation of Tenn.Code Ann. § 39–2–211." Because the offense is alleged to have occurred in 1968, the offense was actually a violation of Tenn.Code Ann. § 39–2403 (1975). Nevertheless, the trial court properly denied the motion. The reference to a code section is deemed to be surplusage; and the insertion of a wrong code section does not render the indictment invalid. *Cole v. State*, 512 S.W.2d 598, 601–602 (Tenn.

Crim.App.1974); *McCracken v. State*, 489 S.W.2d 48, 51 (Tenn.Crim.App.1972). *See State v. Beal*, 614 S.W.2d 77, 80 (Tenn.Crim.App. 1981).

3. This issue has been waived. The appellant failed to stand on the motion. He presented evidence after the trial court ruled upon the merits of the motion. *Mathis v. State*, 590 S.W.2d 449, 453 (Tenn.1979); *State v. Smith*, 735 S.W.2d 859, 862 (Tenn.Crim.App.1987).

4. This was the rule before the enactment of the Tennessee Rules of Appellate Procedure. *See Manning v. State*, 500 S.W.2d 913 (Tenn.1973); *Johnson v. State*, 580 S.W.2d 789 (Tenn.Crim. App.1978).

52(b), Tenn.R.Crim.P., provides that this Court may notice *plain error* "at any time, even though not raised in the motion for a new trial or assigned as error on appeal ... where necessary to do substantial justice." *See State v. Ogle,* 666 S.W.2d 58 (Tenn. 1984); *Veach v. State,* 491 S.W.2d 81 (Tenn.1973); *Herron v. State,* 3 Tenn.Crim. App. 39, 456 S.W.2d 873 (1970).

■ In summary, this Court is required by law to determine whether the trial court had subject-matter jurisdiction of the offense in question. The word "shall", when used in a statute or rule, is the equivalent of the word "must." *Home Telegraph Co. v. Mayor and City Council of Nashville,* 118 Tenn. 1, 14, 101 S.W. 770, 773 (1907). Furthermore, the issue in question is plain error on the face of the record; and the resolution of this issue is necessary to do substantial justice. Finally, this is the type of issue an appellate court should consider in the exercise of its discretion.

## II.

■ The failure to raise a defense, objection or request prior to trial may result in the waiver of an issue. Tenn.R.Crim.P. 12(e). However, there are exceptions to this harsh rule. The question of whether the trial court had subject-matter jurisdiction may be noticed at any time during the pendency of the proceedings. Tenn. R.Crim.P. 12(b)(2). *See Scales v. Winston,* 760 S.W.2d at 953 ("[t]he issue of subject-matter jurisdiction can be raised in any court at anytime"). In *State v. Stillwell,* 175 N.J.Super. 244, 418 A.2d 267, 271 (1980), and *People v. Zamora,* 18 Cal.3d 538, 547, 134 Cal.Rptr. 784, 557 P.2d 75 (1976), it was specifically held that this issue "is not waived by the failure to raise it at the pleading stage." Moreover, in *Veach v. State,* 491 S.W.2d 81, 83 (Tenn. 1973), our Supreme Court said "a constitutional question may be raised at any time."

A conviction for a time barred crime clearly violates the constitutional rights of an accused.

■ This Court concludes that the failure of the appellant to raise this issue prior to trial did not constitute a waiver of the issue.[5]

## III.

■ The failure to include an issue in the motion for a new trial may result in the waiver of the issue. Tenn.R.App.P. 3(e) provides in part: "[I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground *upon which a new trial is sought,* unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived." (Emphasis added). As the rule states, the only issues waived are those which will result in the granting of a new trial. Accordingly, this Court has held that the failure to include an issue which will result in the dismissal of a conviction in the motion for a new trial does not result in the waiver of the issue. *See State v. Dodson,* 780 S.W.2d 778, 780 (Tenn.Crim.App.1989) (sufficiency of the evidence); *State v. Davis,* 748 S.W.2d 206, 207 (Tenn.Crim. App.1987) (sufficiency of indictment and sufficiency of evidence); *State v. Durham,* 614 S.W.2d 815, 816 (Tenn.Crim.App.1981) (sufficiency of the evidence). A favorable resolution of this issue will result in the dismissal of the prosecution against the appellant.

This Court is of the opinion that the issue in controversy was not waived by the failure of the appellant to include the issue in his motion for a new trial.

**5.** If this Court concluded that the issue in question was waived pursuant to Rule 12(e), Tenn. R.Crim.P., it would be tantamount to saying that an accused can confer subject-matter jurisdiction upon a trial court by failing to raise the issue prior to trial. Of course, it is elementary that a party cannot confer jurisdiction on a trial court by an appearance, a plea, consent, silence or waiver. *See County of Shelby v. City of Memphis,* 211 Tenn. at 413, 365 S.W.2d at 292; *Caton v. Pic–Walsh Freight Co.,* 211 Tenn. 334, 338, 364 S.W.2d 931, 933 (1963); *Brown v. Brown,* 198 Tenn. 600, 618–619, 281 S.W.2d 492, 501 (1955).

### IV.

While confined to the Henderson County Jail, the appellant told law enforcement officers that he wanted to confess to a crime that had been "bothering him for a long time." The appellant told the officers that he had suffocated his infant son, William Therrell Seagraves, Jr., on the 10th day of November, 1968. The appellant subsequently denied that he killed his infant son.

On November 7, 1988, an arrest warrant was issued for the appellant by the General Sessions Court of Carroll County. The warrant charged the appellant with the offense of murder in the second degree. The ground for the issuance of the warrant was the appellant's admission that he had killed his infant son in 1968. The Carroll County Grand Jury subsequently indicted the appellant for the offense of murder in the second degree.

When the appellant is alleged to have committed the offense in question, there was a two (2) year statute of limitations for prosecuting the offense of involuntary manslaughter. The applicable statute, Tenn.Code Ann. § 40–202 (1975), later codified as Tenn.Code Ann. § 40–2–101(b) (1982), provided in part:

> Prosecutions for any offense punishable by imprisonment in the penitentiary when the punishment is expressly limited to five (5) years or less, shall be commenced within two (2) years next after the commission of the offense....

The punishment for involuntary manslaughter was "confinement in the penitentiary for not less than one year nor more than five (5) years." Tenn.Code Ann. § 39–2411 (1975), later codified as Tenn. Code Ann. § 39–2–223 (1982). In addition, Tenn.Code Ann. § 40–2703 (1975), later codified as Tenn.Code Ann. § 40–20–103 (1982), provided:

> Whenever the minimum punishment is imprisonment in the penitentiary for one (1) year, but in the opinion of the jury the offense merits a lesser punishment, the jury may punish by confinement in the county jail or workhouse for any period less than twelve (12) months except as otherwise provided.

As can be seen, the statute of limitations applicable to the offense of involuntary manslaughter expired approximately eighteen (18) years prior to the commencement of the prosecution against the appellant. Moreover, the State did not allege or make an effort to establish that the statute of limitations had been tolled based upon the appellant's conduct following the commission of the alleged offense. *See State v. Davidson*, 816 S.W.2d 316 (Tenn.1991); *State v. Tidwell*, 775 S.W.2d 379, 389 (Tenn.Crim.App.1989).

### V.

█ It is an elementary principle of law that an accused who is tried for a felony, which is not barred by the statute of limitations, may not be convicted of a lesser included offense which is barred by the statute. *Hickey v. State*, 131 Tenn. 112, 174 S.W. 269 (1915); *Turley v. State*, 50 Tenn. (3 Heisk.) 11 (1870); *State v. Hix*, 696 S.W.2d 22 (Tenn.Crim.App.1984). *See State v. Landis*, 177 Tenn. 304, 145 S.W.2d 1032 (1941). As our Supreme Court has observed, this rule prevents a district attorney general from seeking an indictment for a higher grade of offense, which is not barred by the statute of limitations, for the specific purpose of convicting the accused of a lesser grade of offense, which is barred by the statute of limitations. *Landis*, 177 Tenn. at 309, 145 S.W.2d at 1034; *Turley*, 50 Tenn. at 14.

In *Turley v. State, supra,* the appellant was indicted and tried for the offense of assault to commit murder in the first degree. The offense was alleged to have been committed on March 24, 1863. The indictment was returned at the April Term, 1865, more than two years after the offense was committed. The jury found that Turley was guilty of simple assault, a misdemeanor, which was barred by the statute of limitations. In reversing Turley's conviction, the Supreme Court stated: "A conviction of a misdemeanor, charged and proven to have been committed more than one year before the finding of the bill of

indictment, is a *nullity.*" 50 Tenn. at 13. (Emphasis added). The correctness of this principle of law was acknowledged in *State v. Landis, supra,* and *Hickey v. State, supra.*

In *State v. Hix, supra,* one of the appellants was indicted for the offense of aggravated assault in one count of the indictment. The offense was alleged to have been committed on January 30, 1981. The indictment was returned by the grand jury on February 16, 1982. The jury convicted the appellant of assault and battery, which was barred by the statute of limitations. My colleague, Judge Robert K. Dwyer, a member of the panel in the case *sub judice,* held that the appellant's conviction was *void.* In ruling, Judge Dwyer, writing for a unanimous court, stated: "Likewise, the conviction of Judy Hix under count one of indictment 1874 for the lesser offense of misdemeanor assault and battery is also *void.* Where a defendant is indicted for a felony that includes a misdemeanor, and is acquitted of the felony but convicted for the misdemeanor, he is entitled to a discharge if the offense was committed more than one year prior to the finding of the indictment." 696 S.W.2d at 25. (Emphasis added).

In *State v. George Owen,* 1991 WL 159919 (Tenn.Crim.App.1991, Nashville), a presentment was returned charging the appellant with two counts of aggravated rape. The offenses were alleged to have occurred in 1983 and 1984. The prosecution was not commenced until July of 1989. The jury convicted the appellant of aggravated sexual battery and aggravated rape. The appellant contended that his conviction for aggravated sexual battery was barred by the statute of limitations. This Court, holding that the offense of which the appellant stood convicted had been barred by the statute of limitations, stated:

> It is clear in Tennessee that when a defendant is indicted for a felony that includes a misdemeanor and is acquitted of the felony but convicted of the misdemeanor, he is entitled to a discharge if the offense was committed more than one year prior to the finding of the indictment.... This sound reasoning ap-

plies where the lesser included offense is a felony, and the statute has run. In the present case, the trial judge did not find that the evidence warranted a conviction of the greater offense. We agree with the trial court that the evidence was only sufficient to sustain a conviction of the lesser included offense.

The appellant cannot be said to have waived the pleading of the statute of limitations issue. The court had not ruled until after all of the proof that appellant had committed the lesser included offense. Since the offense is outside the four-year period, we reverse and dismiss the judgment of the trial court as to count one.... (Citations omitted).

As can be seen, the authors of the opinions in *Turley, Hix,* and *Owen* did not explain why a conviction for a timed barred offense is a "nullity" or "void".

## VI.

When the General Assembly created time limitations on the prosecution of certain enumerated crimes, it declared that it would not prosecute an individual for the commission of these crimes after the expiration of the designated period. Tenn.Code Ann. § 40–2–101, *et seq. See People v. McGee,* 1 Cal.2d 611, 36 P.2d 378, 379 (1934). Concomitantly, a substantive right was created which prevented the State from prosecuting citizens for an offense that is barred by the statute of limitations. *Spears v. State,* 26 Ala.App. 376, 160 So. 727, 728–729 (1935); *People v. Morgan,* 75 Cal.App.3d 32, 141 Cal.Rptr. 863, 866–867 (1977); *Tucker v. State,* 417 So.2d 1006, 1012 (Fla.Dist.Ct.App.1982); *State v. Stillwell,* 175 N.J.Super. 244, 418 A.2d 267, 270–271 (1980). This right creates an absolute bar to the prosecution of a criminal offense after the expiration of the period designated by the statute of limitations, *Stillwell,* 418 A.2d at 271; and it deprives the court of subject-matter jurisdiction. *Spears v. State,* 160 So. at 728–729; *People v. Morgan,* 141 Cal.Rptr. at 866–867; *Tucker v. State,* 417 So.2d at 1012; *State v. Stillwell,* 418 A.2d at 271–272.

## VII.

In jurisdictions which adhere to the lesser included offense doctrine, the indicted offense only embraces the lesser included offenses that are actionable. The greater offense does not embrace a lesser included offense which is barred by the statute of limitations. *Spears v. State,* 160 So. at 728. *People v. Morgan, supra,* (indicted for murder and convicted of involuntary manslaughter, which was barred by the statute of limitations). *See State v. Stillwell, supra,* (accused indicted for murder and convicted of manslaughter, which was barred by the statute of limitations). In *Spears* the accused was indicted for the offense of assault with the intent to murder approximately two years after the offense was alleged to have occurred. The jury convicted the accused of assault and battery, a misdemeanor, which was barred by the statute of limitations. In reversing the accused's conviction and dismissing the prosecution against him, the court said:

> By the verdict of the jury ... the accused was acquitted of the offense of assault with intent to murder; and, as it affirmatively appears, without dispute, that the statute of limitations had run as to the other offenses ordinarily included under the charge in the indictment, the charge of assault with intent to murder was the only actionable offense in this indictment. Under this status, the court was wrong in charging the jury to the effect that this indictment included also the charges of assault and battery and assault, and that the jury would be warranted in finding him guilty of assault and battery, or assault. The rule providing that every lesser offense is included in the one charged in the indictment *applies and has reference only to every actionable offense* and not the offenses which upon the face of the proceedings are barred by the statute of limitations, the operation of which rendered the court without jurisdiction to try and determine the so-called lesser offenses. In other words, the misdemeanor of which the defendant was convicted was not embraced in the major charge of assault with intent to murder. Nor could it have been as *the running of the statute of limitations had rendered the charge unactionable.* The time when an offense was committed need not be alleged in the indictment, but it is essential [that] it must be proved on the trial that it was committed within the period which is prescribed as a bar against the prosecution for it. If this is not done, the prosecution fails. Why? Because, when the period of limitation elapsed, the act ceased to be a punishable offense. No court was then authorized to pronounce sentence against the person who committed it.

> \* \* \* \* \* \*

> The lower court acted without jurisdiction of the subject-matter; its purported judgment is therefore void and will not support an appeal. This appeal is accordingly dismissed, and, as no conviction of this appellant can be had or sustained in this proceeding, it is here ordered that he be discharged from further custody in this proceeding.

160 So. at 728–729 (Emphasis added); *Hall v. State,* 497 So.2d 1145, 1148 (Ala.Crim. App.1986).

## CONCLUSION

This Court concludes that the trial court did not have subject-matter jurisdiction to try the appellant for the lesser included offense of involuntary manslaughter since the statute of limitations applicable to this crime had expired. Consequently, the judgment of the trial court is reversed; and the prosecution against the appellant is dismissed with prejudice as the appellant's conviction is a nullity.

SCOTT, J., concurs.

DWYER, J., dissents.

DWYER, Judge, dissenting.

I cannot agree with the majority's reversal of this conviction, based on the tenets of Rule 12(b)(2) of the Tennessee Rules of Criminal Procedure, other established precedents of law, and lastly, the fact that any error at all here was unassigned. In *Johnson v. U.S.,* 318 U.S. 189, 63 S.Ct. 549, 87

L.Ed. 704 (1943), the following language may be found:

> To turn a criminal appeal into a quest for error no more promotes the ends of justice than to acquiesce in low standards of criminal prosecution.

*Id.*, 318 U.S. at 202, 63 S.Ct. at 555 (Frankfurter, *J. concurring* ).

After the parties had submitted their briefs in this case, a member of this panel unilaterally issued a self-titled *per curiam* order directing them to address whether the statute of limitations barred the conviction, an issue which had not been previously raised at any level. In *Black's Law Dictionary, per curiam* is defined as "by the court; a phrase used in the reports to distinguish an opinion of the whole court from an opinion written by any one judge." I believe that the *per curiam* order was improperly issued.

I am also firmly opposed to the majority's use of the plain error rule to reach this unassigned error. This Court held in *State v. Davidson*, 606 S.W.2d 293 (Tenn.Crim. App.1980) that the failure to raise a valid defense pretrial constitutes a waiver under Tennessee Rules of Criminal Procedure 12(b) and a party's failure to do so is not a situation which an appellate court can seize upon as plain error. *Id.* at 295.

The reader without access to the record can not discern from the majority's opinion when the appellant confessed to the authorities, although a reading of it implies that the confession took place long ago and the police waited until 1988 to act. In fact, although the killing took place in 1968, the confession occurred on November 4, 1988, twenty years later. An arrest warrant was promptly issued within three days of the confession. That fact raises the question, left unaddressed by the majority, of whether the statute of limitations had been tolled during those twenty years. It is axiomatic that a statute of limitations does not begin to run until it has been discovered that a crime was committed. Had this matter been properly presented and passed upon by the trial court, we might have had the pertinent facts in the record before us and

hence no need for a quest for error by this Court.

The majority has ignored settled law which requires the appellant, if he has a question concerning the statute of limitations, to present it pretrial. Rule 12, Tenn. R.Crim.P. Nor was the issue raised in the motion for a new trial. The question upon which the majority relies to reverse and dismiss this conviction has never been presented to the trial court.

Rule 12(b) of the Tennessee Rules of Criminal Procedure states that issues which must be raised before trial are "defenses and objections based on defects in the institution of the prosecution" or "defenses and objections based on defects in the indictment (other than lack of jurisdiction or failure to charge an offense). The trial court had absolute jurisdiction over the subject matter and retained that jurisdiction when the appellant waived the issue by not filing a motion or objection.

In an unanimous opinion by this Court in which the statute of limitations issue was not presented until the motion for new trial, we held in a well-reasoned opinion that it came too late. *State v. Hill*, 623 S.W.2d 293, 295 (Tenn.Crim.App.1981). I think the Court should adhere to that holding. What the majority evidently overlooked in their reading of *State v. Hix*, 696 S.W.2d 22, 25 (Tenn.Crim.App.1984) is that there, as opposed to the case *sub judice*, a timely pretrial motion was filed, properly preserving the issue for appellate review.

In another well-reasoned and unanimous opinion of this Court concerning issues not presented pretrial, Judge Jones approvingly cited *State v. Hill, supra,* as proper for constitutional as well as nonconstitutional issues.

> The appellant challenges the constitutionality of the statute proscribing the use of minors for obscene purposes. T.C.A. § 39–6–1137. While the contentions of the appellant in this regard are not clear, it appears he predicates his argument on the ground the definition of 'sexual conduct' is overbroad because it prohibits using a minor to pose or model in the nude.

Our review of the record reveals the appellant did not file a pre-trial motion attacking the indictment on the ground the statute was unconstitutional. The appellant raised this issue for the first time post-trial in his motion for a new trial.

In this jurisdiction '[d]efenses and objections based on defects in the indictment, presentment or information' must be raised prior to trial. Tenn.R.Crim.P. 12(b); *State v. Farmer*, 675 S.W.2d 212, 214 (Tenn.Crim.App.1984), [constitutionality of statute]. When an accused fails to comply with this mandate, he waives the issue. Tenn.R.Crim.P. 12(f). See *State v. Farmer*, supra, [constitutionality of statute]. *State v. Hill*, 623 S.W.2d 293 (Tenn.Crim.App.1981), [statute of limitations]. The waiver provision of Rule 12 applies to issues embracing the constitutionality of statutes as well as the constitutional rights of the accused. *State v. Farmer*, supra; *State v. Foote*, 631 S.W.2d 470, 472–473 (Tenn.Crim.App. 1982), [identification issue]. Therefore, this issue is without merit. (emphasis added)

*State v. Rhoden*, 739 S.W.2d 6, 10 (Tenn. Crim.App.1987).

I would adhere to that sound holding and apply that reasoning to the issue found by the majority. It would convey to bench and bar that consistency has been observed and that impartiality can never be questioned when you are on both sides of the issue.

The majority further notes that Rule 12 of the Tennessee Rules of Criminal Procedure is "harsh" and seemingly indicates a belief that this Court now has a duty to mediate its effects. If a court makes an exception to an established rule because it fears appearing harsh,[1] sooner or later that court will be embarrassed by the reference to the decision in which it disregarded the rule. Confusion and uncertainty will follow.

Despite the fact that the majority finds the evidence supported the conviction, it orders dismissal of the charges against the appellant. I also cannot agree that dismissal is proper, given that the majority's grounds are legal and not factual. In such situations, a remand for further proceedings is proper.

In conclusion, an apocryphal story is told about the late, great Oliver Wendell Holmes, wherein he is quoted as replying to his law clerk who told him to see that justice be done, "Justice? I don't know anything about justice. I serve to make sure that the law has been observed." Without rules and their observance, the criminal justice system simply will not work. I would affirm this conviction and hold that the appellant has waived the issue that the majority finds for reversal and dismissal.

---

**1.** As Humpty Dumpty chillingly foresaw in Lewis Carroll's *Alice in Wonderland*, "When I use a word, it means just what I choose it to mean— neither more nor less.... [A]djectives you can do anything with...."