IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 25, 2008 Session

## STATE OF TENNESSEE v. NEDDIE MACK LAWSON, I

**Direct Appeal from the Criminal Court for Claiborne County**
**No. 13055     E. Shayne Sexton, Judge**

**No. E2007-00330-CCA-R3-CD - Filed June 26, 2008**

The defendant, Neddie Mack Lawson, I, was convicted of misdemeanor DUI, his third offense.  On appeal, the defendant argues that because he was indicted for felony DUI, fourth offense, and because the offense was committed more than one year before the filing of the indictment, he cannot be convicted of misdemeanor DUI because the misdemeanor conviction was barred by the statute of limitations.  Following our review of the parties' briefs, the record, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Michael G. Hatmaker, Jacksboro, Tennessee, for the appellant, Neddie Mack Lawson, I.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William Paul Phillips, District Attorney General; and Amanda Sammons, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  BACKGROUND

The following is a brief summary of the convicting evidence.  Officer Larry Mozingo of the Claiborne County Sheriff's Department testified that he was on patrol on June 20, 2005 when he encountered the defendant who was driving his four-wheel All-Terrain Vehicle (ATV) on Highway 90 in a suspicious manner.  The defendant was accompanied by another individual driving a separate ATV.  Officer Mozingo testified that the other individual appeared to be in control of his ATV, and when Officer Mozingo began following the defendant, the other individual drove away.

Officer Mozingo testified that the defendant "was basically bobbing on his four-wheeler, like that he really wasn't holding on to his four-wheeler real well to his handle bars . . . [The defendant] went off the side of the road, back on, off the side of the road . . . And he actually came really close

to striking one of the road signs." Officer Mozingo activated his blue lights and siren and attempted to get the defendant to pull over. The defendant ignored Officer Mozingo and continued traveling down the highway. Officer Mozingo pulled alongside the defendant and nudged him until he was able to get the defendant to stop.

Officer Mozingo testified that he confronted the defendant and immediately noticed that he was covered in mud and blood, had slurred speech, and emitted a strong odor of alcohol. Officer Mozingo asked the defendant how much he had to drink. The defendant responded that he and his friend had drunk "about a case." Officer Mozingo also noticed that the defendant had two unopened, canned, alcoholic beverages behind him on the seat and two more unopened cans between the seat and the rear rack. The defendant was covered in blood, with blood on his face, arms, and legs. The defendant informed Officer Mozingo that he would be unable to perform a field sobriety test. The defendant also informed Officer Mozingo that he and his friend had been riding up in the mountains, and that he had "wrecked" the ATV he was riding, which he claimed belonged to a friend. Officer Mozingo stated that the defendant did not ask to go to the hospital or for any medical assistance. Instead, the defendant wanted to know what would happen to the ATV he had borrowed.

Officer Mozingo testified that the defendant was staggering and unable to stand without leaning upon the ATV. Officer Mozingo instructed the defendant to sit on the pavement in front of the ATV to avoid further injury. Officer Mozingo radioed dispatch to have an ambulance and tow truck sent to the scene. The ambulance arrived and transported the defendant to the hospital. Officer Mozingo followed the defendant to the hospital where he apprised the defendant of the Tennessee Implied Consent Law and asked him if he would submit to a blood test. The defendant orally agreed to the test and Officer Mozingo indicated the defendant's agreement on the form. The defendant received additional medical care for injuries he sustained while riding the ATV.

Melanie Carlisle testified that she worked for the Tennessee Bureau of Investigation (TBI) Knoxville Crime Laboratory in June of 2005. She stated that she had been trained by the TBI in its program for analysis of blood alcohol and toxicology. Ms. Carlisle was qualified as an expert on blood and toxicology testing. She stated that on July 25, 2005, she received and tested blood samples taken from the defendant. She testified that the blood alcohol content of the sample she tested was 0.19 gram percent; more than twice the legal limit.

During the trial, a jury-out hearing was held between the parties and the trial court. The following discussion occurred regarding the procedural history of the case:

> [Prosecutor]: The case was reset. This is 12, 879 - case was reset for trial, I believe, in August. That's when the State learned of the new convictions - prior DUI convictions and decided to just go ahead and re-indict him by a subsequent indictment. On 8-8-06, the grand jury returned a new indictment on [the defendant] alleging DUI fourth. What had previously been alleged was a DUI second, I believe.
>
> . . . .

2

| | |
|---|---|
| The Court: | Hold it. Let me ask questions. Let me - hold it. The indictment on this case - on 13, 055 alleges a DUI on the date of June 20th of '05; is that correct? |
| [Prosecutor]: | Yes, Your Honor. |
| The Court: | The previously indicted case now expunged in case 12, 879 alleged a charge for DUI dated when? |
| [Defendant]: | The same date. |
| [Prosecutor]: | June 20th, 2005. |
| [Defendant]: | June 20th, 2005. |
| The Court: | The only thing this second indictment did was add previous convictions; is that correct? |
| [Prosecutor]: | Yes, Your Honor. |
| [Defendant]: | No. |
| [Prosecutor]: | It actually - well, I should say it did actually change the prior convictions as well. The prior conviction - Mr. Lawson has not - has actually got a DUI pending, as we speak, in Williamsburg, Kentucky. He had not yet been convicted of that. And so, the State realized that, took that off of a prior conviction and instead added three that we did have proof that he had been convicted of. So, there was an exchange there. He was initially charged with DUI second. The prior conviction, we came to find out, did not yet exist as a conviction. So we indicted him on the DUI fourth with the three priors that he had that we did - were able to verify were convictions. |

In the guilt phase of the defendant's bifurcated trial, the jury returned a verdict against the defendant, declaring him guilty of DUI. During the penalty phase, a jury-out hearing was held and the court considered the admissibility of the certified copies of three of the defendant's prior convictions submitted by the state to qualify the defendant for fourth offense, felony DUI. Upon review, the court determined that one of the three certified copies of conviction submitted by the state was not sufficiently reliable for admission.

The defendant moved for acquittal on the felony charges on the grounds that the state no longer had the requisite number of prior convictions to sustain a felony conviction. The trial court overruled the defendant's motion. A jury-out hearing was held and the following exchange took place:

[Defendant]: Your Honor, [the State doesn't] have the underlying requisite number if that one is excluded.

The Court: Are you saying that the statute bars prosecution?

[Defendant]: Yes.

The Court: I'm - I understand what you are arguing.

[Defendant]: No, I'm not talking about statute of limitations, your Honor. The only way they can get a felony is with four convictions -

The Court: Right.

[Defendant]: - that is, three previous.

The Court: Right.

[Defendant]: The only - if you exclude the Georgia conviction, they only have two previous. The can't get to the felony.

The Court: I understand that you're saying it's time barred. Is that what you're -

[Defendant]: No.

The Court: Well - but, okay. The Jury is called upon to find the number of prior convictions. I mean, what - what is- how is acquittal appropriate at this point?

[Defendant]: As to the felony.

The Court: Well, they have - a felony has not been - not been found yet, right?

[Defendant]: Correct.

The Court: I mean, they have found him guilty of DUI, X offense. Now, they're to go back and determine if there are - if there's sufficient evidence for priors. And basically, the numbers of priors they pick decides whether or not this is a felony or misdemeanor, right?

[Defendant]: But, as a matter of law -

The Court: Right.

[Defendant]: There are insufficient numbers to get it to a felony.

4

The Court: Sure. So, if they go back and find that these two documents that I'm admitting are there, then he's found guilty of a misdemeanor.

[Defendant]: Correct.

The Court: I - how - so, where is acquittal appropriate? I mean, the fact that he's indicted on a felony doesn't mean that he cannot be convicted of a misdemeanor. Am I missing something?

[Defendant]: You and I have a different analysis of it, Your Honor.

The Court: Well, help me.

[Defendant]: The jury has found him guilty of driving under the influence. The only way you can get to a felony level of a DUI is through three priors. The Court has excluded one of those priors, so he is entitled to a judgment of acquittal as to felony DUI.

The Court: I think as a matter of law he cannot be convicted of a felony DUI.

[Defendant]: That's what I've asked the -

The Court: Well, I mean, I'm not - but it's not in the form of a judgment of acquittal. It'll just never get that high. He will never be subjected to felony DUI on this case. They will only get two priors. So, how am I - where do I intervene at this point? I mean, what are you asking me to do, throw the case out?

[Defendant]: As a felony, yes.

. . . .

The Court: They will not pronounce felony. I'm the one to do that, and I'm telling you now, there will be no felony.

[Defendant]: All right. Thank you.

. . . .

[Defendant]: I renew my motion to dismiss the prosecution. This is a misdemeanor prosecution which commenced more than one year after the event, and I renew my motion to dismiss as being time barred - prosecution as being time barred.

5

[Prosecutor]: Your Honor, when the initial indictment in 12, 879 was filed, that tol[led] the statute of limitations. That indictment in 12, 879 was not dismissed - nolle [prossed] - until the superseding indictment in this case, 13, 055, was filed. It is - it is undisputed that the original indictment was filed within the one-year statute of limitations for misdemeanors. And as you know, the statute for felonies, which he was charged in the second indictment, is two years which had not run. But, the State would -

The Court: Well, I think - I mean, the case before the Court is not . . . 12, 879. The question here is, can the charge as it stands now continue to proceed because it is in a misdemeanor state. I'm gonna find that it can. It's not a tolling issue. It is a - it was properly brought at the - it was not time barred when it was initiated - when this case was initiated because it was a felony, two-year statute. The fact that it has been reduced down to a misdemeanor by actions of the Court or whomever would not render it time barred. So, overrule the motion as to dismissal.

The jury found the defendant guilty of his third misdemeanor DUI. The defendant was sentenced to eleven months and twenty-nine days at seventy-five percent, with 150 days of his sentence to be served in confinement. The defendant was also assessed a fine of $7,500 and ordered to attend a Mothers Against Drunk Driving Victim Impact Forum.

## II. ANALYSIS

The defendant argues on appeal that the trial court erred in allowing him to be convicted of misdemeanor DUI. Specifically, the defendant argues that because more than one year elapsed between the commission of the offense and the return of the second indictment, his misdemeanor DUI conviction should be dismissed. The defendant cites *State v. Seagraves*, 837 S.W.2d 615 (Tenn. Crim. App. 1992) to support this proposition. "It is an elementary principle of law that an accused who is tried for a felony, which is not barred by the statute of limitations, may not be convicted of a lesser included offense which is barred by the statute." *Id.* at 619.

The prosecution of a misdemeanor offense must be commenced within one year of the commission of the offense to avoid being barred by the statute of limitations. Tenn. Code Ann. § 40-2-102(a); *see State v. Messamore*, 937 S.W.2d 916, 918 (Tenn. 1996). As to the methods by which the state may initiate prosecution, Tennessee Code Annotated section 40-2-104 provides:

A prosecution is commenced, within the meaning of this chapter (concerning limitation of prosecutions), by finding an indictment or presentment, the issuing of a warrant, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in

6

general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense.

A conviction for DUI requires a "person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state . . . while: (1) under the influence of any intoxicant . . ." Tenn. Code Ann. § 55-10-401(a)(1). Additionally, the alcohol concentration level in an individual's blood or breath may not exceed eight hundredths of one percent (.08%) or more. Tenn. Code Ann. § 55-10-401(a)(2). After three misdemeanor convictions for DUI, a defendant's fourth offense must be charged as a felony:

> Notwithstanding any other provision of law to the contrary, the fourth or subsequent conviction [for DUI] shall be a Class E felony punishable by a fine of not less than three thousand dollars ($3,000) nor more than fifteen thousand dollars ($15,000) [and] by confinement for not less than one hundred fifty (150) consecutive days, nor more than the maximum punishment authorized for the appropriate range of a Class E felony.

Tenn. Code Ann. § 55-10-403(a)(1)(A). A Class E, Range I felony is punishable by a confinement term of not less than one nor more than two years. Tenn. Code Ann. § 40-35-112(a)(5). The statutory limitations period for a Class E felony is two years. Tenn. Code Ann. § 40-2-101(b)(4).

The state retains the right to file a timely superseding indictment at any time during the period in which the original indictment is still pending. As aptly noted by our supreme court:

> The power to seek a superseding indictment lies within [the] broad discretion of the State. A superseding indictment is an indictment obtained without the dismissal of the prior indictment . . . Where there has been no jeopardy on the first indictment, a grand jury may return a new indictment against an accused even though another indictment is pending. . . . [A] legitimate decision to bring a superseding indictment is uniquely within the State's authority. Thus, the State may obtain a superseding indictment at any time prior to trial without dismissing the pending indictment and may then select the indictment under which to proceed at trial.

*State v. Harris*, 33 S.W.3d 767, 771 (Tenn. 2000) (citations omitted).

In *State v. Neilsen*, 44 S.W.3d 496 (Tenn. 2001), the initial indictment and "re-indictment" were filed in a timely fashion. In addressing its prior opinion in *Messamore*, the Tennessee Supreme Court stated:

> Under the rationale in *Messamore*, the prosecution was timely commenced and there was no requirement that the 1997 indictment allege these "commencing" facts. Other state courts have reached the same conclusion. *See Benitez v. State*, 111 Nev. 1363, 904 P.2d 1036 (Nev. 1995) (superseding indictment filed while the original indictment is validly pending is not barred by the statute of limitations); *Wooten v. State*, 240 Ga. App. 725, 524 S.E.2d 776 (1999) (superseding indictment not barred

7

by the statute of limitations); *State v. Garofalo*, 453 So.2d 905 (Fla. Dist. Ct. App. 1984) (superseding indictment not barred by the statute of limitations).

*Neilsen*, 44 S.W.3d at 499-500. In *Neilsen,* the supreme court acknowledged that with regard to the superseding indictment at issue in that case, "each charging instrument in this case involved the same case number, the same defendants, the same victims, the same offenses, the same factual basis, and the same time period. Each charging instrument was also pending at the time a subsequent charging instrument was returned." *Id.* at 500. Because the superseding indictment did not "broaden or substantially amend the original charges," the superseding indictment was valid, even though it was filed beyond the statute of limitations. *Id.*

It is undisputed by the parties that sometime within one year of the commission of the offense, the defendant was indicted on a charge of misdemeanor DUI. We note that we are unable to review the original misdemeanor DUI indictment because the defendant succeeded in having the misdemeanor indictment expunged after it was dismissed and it is no longer part of the record. The defendant has a duty to "[prepare] a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal." Tenn. R. App. P. 24(b). Although the defendant undoubtedly benefitted from the expungement of the misdemeanor indictment, the expungement of that very record prevents this court from determining if the superseding indictment pertains to "the same defendants, the same victims, the same offenses, the same factual basis, and the same time period," as the original indictment. *See Neilsen*, 44 S.W.3d at 500. The only reference in the record to similarities or differences between the two indictments is contained in the following statements between the parties and the court at trial:

The Court: The only thing this second indictment did was add previous convictions; is that correct?

[Prosecutor]: Yes, Your Honor.

[Defendant]: No.

[Prosecutor]: It actually - well, I should say it did actually change the prior convictions as well. The prior conviction - Mr. Lawson has not - has actually got a DUI pending, as we speak, in Williamsburg, Kentucky. He had not yet been convicted of that. And so, the State realized that, took that off of a prior conviction and instead added three that we did have proof that he had been convicted of. So, there was an exchange there. He was initially charged with DUI second. The prior conviction, we came to find out, did not yet exist as a conviction. So we indicted him on the DUI fourth with the three priors that he had that we did - were able to verify were convictions.

We conclude that the state's action of filing the superseding indictment while the original misdemeanor indictment was still pending was not in error. *See Neilsen,* 44 S.W.3d at 499-500.

8

Because we are unable to compare the original and superseding indictments, we must conclude that the trial court did not err by upholding the validity of the state's superseding indictment. In denying the defendant's renewed motion to dismiss the prosecution, the trial court stated:

> The question here is, can the charge as it stands now continue to proceed because it is in a misdemeanor state. I'm gonna find that it can. It's not a tolling issue. It is a - it was properly brought at the - it was not time barred when it was initiated - when this case was initiated because it was a felony, two-year statute. The fact that it has been reduced down to a misdemeanor by actions of the Court or whomever would not render it time barred. So, overrule the motion as to dismissal.

We conclude that the trial court did not err by recognizing the validity of the state's efforts to preserve the action against the defendant. We further conclude that the defendant's conviction for misdemeanor DUI was not time-barred and therefore not void.

We are not persuaded by the defendant's argument that he cannot be convicted of a misdemeanor when he was charged with a felony and the underlying misdemeanor offense occurred more than one year before the finding in the indictment. *See State v. Seagraves*, 837 S.W.2d 615 (Tenn. Crim. App. 1992). The defendant's reliance upon *Seagraves* is misplaced and *Seagraves* can be distinguished from the instant case. First, in the instant case, once the prosecution determined that it possessed the requisite number of certified prior convictions to sustain a felony indictment, it filed the superseding indictment while the original misdemeanor indictment was still pending to preserve the action against the defendant. Unlike the instant case, the prosecution in *Seagraves* indicted the appellant on a charge of second degree murder, but the appellant was convicted of the lesser-included offense of involuntary manslaughter.[1] Because the prosecution would have been time-barred from pursuing an indictment of involuntary manslaughter and the prosecution failed to explain why the appellant's conduct tolled the two-year statute of limitations for involuntary manslaughter more than eighteen years after the commission of the underlying offense, the court found that the conviction was void. *Id.* at 619. The court noted that, "[w]hen the General Assembly created time limitations on the prosecution of certain enumerated crimes, it declared that it would not prosecute an individual for the commission of these crimes after the expiration of . . . the period designated by the statute of limitations." *Id.* at 620 (internal citations omitted). In the instant case, it does not appear that the felony DUI indictment was filed in order to overcome an expired statute of limitation period.

Second, in *Seagraves*, the appellant was convicted of a lesser-included offense stemming from the felony for which he was indicted. By contrast, in the instant case, the prosecution had to prove the same statutory elements to convict the defendant of either misdemeanor DUI or felony DUI. The jury was charged with the task of deciding whether the defendant possessed the requisite number of prior convictions to sustain a felony DUI conviction. Because the prosecution, acting in

---

[1] We note that when the General Assembly enacted the Criminal Sentencing Reform Act of 1989, the charge of involuntary manslaughter referred to in *Seagraves* was codified as criminally negligent homicide. *See* Tenn. Code Ann. § 39-13-212, Sentencing Comm'n Cmnts.

good faith and upon the belief that it possessed the three prior convictions needed to sustain a felony conviction, preserved the action against the defendant by filing the superseding indictment, the jury's finding that the defendant was guilty of misdemeanor DUI based upon a superseding indictment that was issued more than a year after the commission of the offense was not time-barred or in error.

We conclude that the trial court did not err in finding that the felony indictment was timely, and that the defendant's conviction for misdemeanor DUI was not time-barred, or precluded due to any actions of the court. Therefore, the defendant's issue is without merit and he is not entitled to relief.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE