IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 13, 2004

## STATE OF TENNESSEE v. ALFONSO MARTINEZ

**Direct Appeal from the Circuit Court for Henderson County**
**No. 02-070-2     Donald H. Allen, Judge**

_____

**No. W2003-01497-CCA-R3-CD  - Filed September 13, 2004**

_____

The appellant, Alfonso Martinez, was found guilty by a jury in the Henderson County Circuit Court of felony possession of drug paraphernalia and was sentenced to two years incarceration in the Tennessee Department of Correction.  On appeal, the appellant's sole issue is the constitutionality of Tennessee Code Annotated sections 39-17-424 and 39-17-425 (2003).  Upon review of the record and the parties' briefs, we conclude that the appellant has waived his issue.  Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Bradley G. Kirk, Lexington, Tennessee (at trial and on appeal) and Frankie K. Stanfill, Lexington, Tennessee (at trial), for the appellant, Alfonso Martinez.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Jerry Woodall, District Attorney General; and William R. Martin, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The appellant was indicted by the Henderson County Grand Jury on a charge of felony possession of drug paraphernalia.  The proof adduced at trial revealed that on August 28, 2002, Officer Ricky Montgomery with the Lexington Police Department was driving on West Church Street near a Dollar General Store.  Officer Montgomery saw John Douglas Parker littering on the sidewalk in front of the store.  The officer stopped to speak with Parker about his littering.  While speaking with Parker, Officer Montgomery noticed that Parker held a "sack" of pseudoephedrine pills.

Parker asked Officer Montgomery for a ride home, explaining that he had been to the Dollar General store with the appellant, but the appellant had left when he saw Parker talking with the officer. Officer Montgomery agreed to drive Parker home. Upon arriving at Parker's home at 791 North Broad Street, Officer Montgomery asked if he could enter the residence to perform a "visual inspection." Parker consented.

While walking through the house, Officer Montgomery encountered the appellant and Amy Deniece Sutton. Additionally, Officer Montgomery noticed several containers of fuel typically used in the manufacturing of methamphetamine as well as other components of a "meth lab." Officer Montgomery called narcotics investigators, and he then ushered the appellant, Parker, and Sutton outside to await the arrival of the investigators.

Investigator Michael Harper with the Lexington Police Department soon arrived and also obtained consent to search the residence. Therein, Investigator Harper discovered approximately 3,000 pseudoephedrine pills, acetone, Coleman camping fuel, acid, iodine, lye, lithium metal, rubber tubing, glassware, a hot plate, rubber gloves, an Essential Chemistry book, and three ounces of red phosphorus. From his narcotics experience and training, Investigator Harper believed that these components were consistent with a laboratory for the manufacturing of methamphetamine. As further proof of the manufacturing process, Investigator Harper also discovered two jugs of "pill soak," a process by which the pseudoephedrine pills were placed in a chemical mix to extract the ephedrine for the production of methamphetamine. Additionally, Investigator Harper found coffee filters, some of which contained residue indicative of their use as a strainer in the manufacturing of methamphetamine.

Near the "meth lab," Investigator Harper found a "change wallet" containing the appellant's picture identification card. The appellant admitted that he had been an overnight guest in the home, and he had some clothing in a duffel bag in the residence. After obtaining the appellant's permission to search the bag, Investigator Harper discovered twenty-one "blister packs" of pseudoephedrine in the bag.

Upon cross-examination, Investigator Harper conceded that the standard for determining when objects were drug paraphernalia was subjective. However, he explained that in his training, he was taught to use common sense and look at a combination of factors to determine whether an item was drug paraphernalia.

At the conclusion of the State's proof, the appellant moved for a judgment of acquittal, challenging the constitutionality of Tennessee Code Annotated sections 39-17-424 and 39-17-425 (2003), the drug paraphernalia statutes. The trial court overruled the appellant's motion. The appellant declined to present any proof. Based upon the foregoing evidence, the jury found the appellant guilty of felony possession of drug paraphernalia. The trial court sentenced the appellant as a standard Range I offender to two years incarceration. On appeal, the appellant again challenges the constitutionality of Tennessee Code Annotated sections 39-17-424 and 39-17-425 (2003).

## II.  Analysis

On appeal, the State argues that the appellant waived his challenge to the constitutionality of the aforementioned statutes by failing to raise an objection until the close of the State's proof at trial.  This court has held on numerous occasions that an appellant's failure to raise a constitutional challenge to a statute in a pretrial motion will result in a waiver of the issue on appeal pursuant to Tennessee Rule of Criminal Procedure 12(b)(2).  See State v. Rhoden, 739 S.W.2d 6, 10 (Tenn. Crim. App. 1987); State v. Farmer, 675 S.W.2d 212, 214 (Tenn. Crim. App. 1984); State v. Diallo Jamel Lauderdale, No. W2001-01296-CCA-R3-CD, 2003 WL 22080777, at *12 (Tenn. Crim. App. at Jackson, Sept. 5, 2003), perm. to appeal denied, (Tenn. 2004).  The record supports the State's contention that the appellant failed to file a pretrial motion challenging the constitutionality of Tennessee Code Annotated sections 39-17-424 and 39-17-425 (2003).  Accordingly, the appellant has waived the argument.  Therefore, we will not address the merits of his complaint.

## III.  Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE