**STATE of Tennessee, Appellee,**

v.

**W. A. Michael MAYNARD and Betty Sue Maynard, Appellants.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 13, 1981.

**912**

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Nashville, C. Michael Layne, Asst. Dist. Atty. Gen., Manchester, for appellee.

R. Murry Hawkins, Manchester, for appellants.

## OPINION

O'BRIEN, Judge.

■ Under Indictment No. 6339F in the DeKalb County Criminal Court each of the defendants was convicted of an attempt to commit a felony and sentenced to serve eleven months and twenty-nine days in the Workhouse. Under Indictment No. 6340F Michael Maynard was convicted of receiving stolen property valued over $100 and sentenced to serve not less than three (3) years nor more than five (5) years in the penitentiary. The record does not contain any specific adjudication by the trial court that these sentences were to be cumulative. In the absence of such a judgment the sentences are to be served concurrently. *Howe v. State ex rel. Pyne*, 170 Tenn. 571, 98 S.W.2d 93 (1936).

The single issue on which review is sought concerns denial of a motion to suppress evidence found during a warrantless search of defendants' dwelling.

■ At the outset the State says this Court lacks jurisdiction of the appeal because of the failure of the defendants to file a timely notice of appeal pursuant to T.R. A.P. Rule 4. T.R.A.P. Rule 4(c) provides that if in a criminal action a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the defendant .... (4) under Rule 32(f)(1) for suspended sentence, the time for appeal for all parties shall run from entry of the order denying such motion or petition. It is conceded that the defendants timely filed an application for suspended sentence on May 20, 1980, and that these applications were considered on September 26, 1980. The record contains a notice of appeal properly filed on October 17, 1980 in accordance with the rules governing such matters.

■ The State also says this Court lacks jurisdiction because of failure of the appellants to file a motion for new trial in accordance with Tenn.R.Crim.P. 33(b). In *State v. Givhan*, 616 S.W.2d 612, (Tenn.Cr. App.1980), Permission to Appeal Denied 5/26/81, this Court held that failure to file a written motion for new trial within thirty days of the jury verdict does not divest the appellate courts of jurisdiction. We also held that failure to file a timely, written motion for new trial not only results in the appellant losing his right to have a hearing on the motion for new trial, but also deprives him of any opportunity to argue on appeal any issues that should have been presented in a motion for new trial. This being the law, defendants failure to raise the issue upon which review is sought on this appeal constitutes a waiver of the right to present such an issue.

■■ In *Givhan*, supra, we also elucidated the rule that the appellate courts have authority to review the record for apparent errors to prevent needless litigation, injury to the interest of the public and prejudice to the judicial process under the provisions of T.R.A.P. Rule 13(b); and in accordance with No. 52 of the Rules of Criminal Procedure to notice at any time, within our dis-

cretion, an error which effects the substantial right of an accused, even though not raised in a motion for new trial or assigned as error on appeal, where it may be necessary to do substantial justice. Exercising our prerogative in this regard, we have examined the record and find the issue against defendant. Under their general supervisory powers, in questions of law, the appellate courts possess the power to revise the action of a trial judge. See *Thompson v. State*, 192 Tenn. 298, 241 S.W.2d 404 (1951); however the findings of a trial court upon questions of fact are conclusive on appellate review unless it can be found that the evidence preponderates against the lower courts judgment. *Mitchell v. State*, 512 S.W.2d 661, (Tenn.Cr.App.1974). The trial judge observed the witnesses, heard their testimony, and found the issue against the defendants. We cannot say that the evidence preponderates against that finding.

The judgment of the trial court is affirmed.

DUNCAN and DWYER, JJ., concur.