STATE of Tennessee, Appellee,

v.

Willard (Williard) M. STOWERS,
Appellant.

Court of Criminal Appeals of Tennessee,
at Knoxville.

Feb. 14, 1983.

Permission to Appeal Denied by
Supreme Court May 2, 1983.

Robert C. Newton, Bristol, for appellant.

William M. Leech, Jr., State Atty. Gen
and Reporter, John F. Southworth, Jr.,
Asst. State Atty. Gen., Nashville, Heiskell
H. Winstead, Dist. Atty. Gen., LeRoy Tip-
ton, Jr., Asst. Dist. Atty. Gen., Greeneville,
for appellee.

OPINION

BYERS, Judge.

The defendant was convicted of vehicular
homicide and was sentenced to serve twelve
(12) years in the penitentiary.

The defendant questions the sufficiency
of the evidence, says the trial judge should
have suppressed the results of a blood test,

says a mistrial should have been granted because of an improper statement made by a witness, and says a photograph of the defendant's automobile, which showed beer cans arrayed thereon, should not have been introduced.

The judgment is affirmed.

On October 12, 1981, a vehicle being driven by the defendant collided with a Volkswagen vehicle, which was approaching him. A passenger in the Volkswagen was killed as a result of the collision.

The driver of the Volkswagen, for some reason not clearly shown,[1] was unable to recall the accident. The officers, who investigated the accident, testified there were marks upon the roadway which indicated the defendant had driven his vehicle across the center line of the roadway and onto the side of the roadway on which the Volkswagen was traveling. This testimony was supported by photographs taken of the scene after the accident.

The state offered the testimony of two witnesses who had seen the defendant shortly before the collision. These witnesses testified the defendant was intoxicated. An officer testified the defendant had the odor of beer about him, and the defendant told the officer he had drunk about four beers. A blood test showed the defendant's blood alcohol level was .15 percent after the collision. Several full and empty beer cans were found in the defendant's vehicle.

The defendant testified the Volkswagen was driven across the center lane and onto the side of the road on which he was driving. The defendant said he was not intoxicated at the time of the collision.

■ The evidence in the case was sufficient for a jury to find the defendant guilty beyond a reasonable doubt.

The state's evidence showed the accident occurred because the defendant drove his vehicle across the center line of the roadway and struck the Volkswagen, which was being driven in the opposite direction. The state's evidence showed the defendant was

intoxicated at the time of the collision. The defendant's denial of this evidence creates a question of fact for the jury to determine. The jury found the evidence supported the state's theory of the case, and they rejected the defendant's theory.

The evidence was sufficient to show the proximate cause of the collision was the operation of a vehicle by the defendant while intoxicated.

The defendant insists the results of the blood test should not have been allowed into evidence for failure of the state to comply with T.C.A. § 55–10–410, which prescribes the method for the taking of blood samples for testing.

Specifically, the defendant insists the person who drew the blood for the test was not one of the persons designated for such purpose by the statute.

T.C.A. § 55–10–410 provides the procurement of the blood sample must be done "by a registered nurse, licensed practical nurse, clinical laboratory technologist, or clinical laboratory technician or at the direction of a medical examiner or other physician holding an unlimited license to practice medicine." The person who procured the blood sample in this case was a laboratory assistant, who did not fit into one of the categories specified in the statute.

The evidence shows the person who procured the sample customarily took blood at the hospital for testing and that this person was experienced in this procedure.

■ T.C.A. § 55–10–410 has several precautionary provisions designed to protect an accused from whom blood samples are taken. In our view, the provision which sets out who shall take the blood sample is designed to protect the donor of the same from being subjected to unhealthful conditions in the procurement of a blood sample and to prohibit the donor from being subjected to unqualified people taking samples.

From the evidence in this case, we are of the opinion this purpose was met in the procurement of the blood sample. The per-

1. The person killed was the wife of the driver. The driver sustained severe injuries also.

son procuring the sample was trained to do so, and the record shows the defendant was not subjected to any unusual or unreasonable sanitary deficiencies in the procurement of the sample.

Beyond this, even if the blood sample was improperly procured, there is other competent evidence to show the defendant was intoxicated at the time of the collision.

■ The defendant says he was entitled to a mistrial because one of the state's witnesses, who did not see the accident occur, made a conclusory statement that the defendant's vehicle was driven around a curve on the wrong side of the road. The defendant objected to this, and the trial judge sustained the objection. The judge further instructed the jury to disregard this remark.

We are of the view this did not unfairly prejudice the defendant nor entitled him to a mistrial. This witness gave other competent evidence from which the jury could find the defendant was at fault in the collision. This evidence, coupled with the admonition of the trial judge to the jury, and the other evidence in the case made this statement innocuous.

We see no merit to the defendant's complaint about the introduction of a photograph of his vehicle which showed several beer cans on the top thereof. An officer inventoried the vehicle prior to having it impounded. In the course of the inventory, he found some beer cans in the vehicle and placed them on top of the vehicle. These were not placed on the vehicle in an orderly display but were casually placed thereon. A photograph was made depicting a mark on the road indicative of the place of impact between the two vehicles. The defendant's vehicle had not been removed from the scene, and it was shown in this picture.

■ A material issue in the case was whether the defendant was intoxicated. The presence of intoxicants or empty intoxicant containers in the defendant's vehicle at the time of the collision was probative on this issue. Where the photograph is relevant on an issue at trial, it is admissible unless the prejudicial effect far outweighs its probative value. *State v. Banks,* 564 S.W.2d 947 (Tenn.1978).

■ The defendant admitted he had been drinking, and the officer testified he found beer cans (full and empty) in the defendant's vehicle. We conclude, therefore, the picture was properly admitted.

TATUM and CORNELIUS, JJ., concur.