**STATE of Tennessee, Appellee,**

v.

**Clarence D. MOSES, alias Butch Moses, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 21, 1985.
Permission to Appeal Denied by Supreme Court Dec. 2, 1985.

**630**

W. Holt Smith, Madisonville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Jane W. Young, Asst. Atty. Gen., Nashville, Charles E. Hawk, Dist. Atty. Gen., Kingston, D. Roger Delp, Asst. Dist. Atty. Gen., Loudon, for appellee.

## OPINION

DWYER, Judge.

The appellant, having been convicted of vehicular homicide, T.C.A. § 39–2–231, with a sentence of confinement for eleven years as a Range II aggravated offender, appeals as of right, T.R.A.P. 3(b), presenting issues for our consideration.

The record reflects that the decedent, Mary Coxie, a 66-year-old woman, was struck and killed by a car driven by appellant during the early morning hours of October 15, 1983. The decedent was dragged approximately 800 feet before her body shook loose from under appellant's car. Appellant then drove his car to a place called the Eagle Club. Prior to his pulling into the Eagle Club, a police officer, Brian Mullins, observed that appellant's car passed through a stop sign without halting, that the car was "bouncing ... from side to side," and that the car was "... coming real fast around the curve." The officer followed appellant, but this pursuit was abandoned when appellant parked and got out of his car at the Eagle Club.

A short while later, the decedent's body was found in the highway in the vicinity of where Officer Mullins had observed appellant driving. When Officer Mullins related to his fellow officers that he saw a blue and white 1975 Oldsmobile Cutlass driving in an erratic manner in the area just moments ago, a search for the car followed. Soon thereafter, appellant's car was located at a motel where appellant lived, and then identified by Officer Mullins as the car he had previously seen. The officer crawled under the car and found hair, blood and skin tissues. When appellant noticed the police inspecting the exterior of his car, he questioned the police about their actions. When the officers observed his intoxicated condition, appellant was placed

under arrest for public drunkenness. In a statement made after his arrest, appellant told the police that while he was driving he saw "... a flash of something, and then a thump." He then stated that he "... thought it was an animal of some sort." There were pieces of appellant's car which were found at the scene that matched the cowling on his car.

■ In his first issue, the appellant contests the sufficiency of the evidence. Therefore, the issue is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). For the appellant to be found guilty of vehicular homicide, the State must prove to the jury beyond a reasonable doubt (1) that the appellant was intoxicated when he struck the decedent; and (2) that the death of the decedent was the proximate result of appellant's intoxication. *State v. McKinney,* 605 S.W.2d 842 (Tenn.Crim.App.1980). Appellant maintains that neither of these two elements was proven beyond a reasonable doubt by the State.

■ We disagree. With several police officers testifying as to appellant's intoxicated condition based on his walk, talk and belligerent manner some forty-five minutes to an hour after the decedent was struck, the jury could and did infer he was intoxicated at the time he struck the decedent. The jury was also aware that Officer Mullins had seen the appellant's car and its erratic movements shortly after the fatal event, and that the appellant had stated that he thought he had hit "an animal of some sort." These factors further evince the element of intoxication. While it is true, as argued by appellant, that there was no blood or breathalyzer test given to appellant, that evidence was but a factor for the jury to consider. *See State v. Stowers,* 649 S.W.2d 607, 609 (Tenn.Crim. App.1983). Further the evidence indicates that appellant was driving in the middle of the road when he struck the decedent. Un-

der these circumstances, any rational trier of fact could conclude that the decedent's death was the proximate result of appellant's intoxication. The evidence therefore meets T.R.A.P. 13(e) requisites.

Next, appellant asserts that the trial court erred by admitting as evidence a photograph of the decedent's mutilated body. The Supreme Court of this State, in *State v. Banks,* 564 S.W.2d 947 (Tenn.1978), set forth guidelines for issues concerning the admissibility of photographs. In *Banks,* Rule 403 of the Federal Rules of Evidence was adopted by our Supreme Court. Federal Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentations of cumulative evidence.

■ Appellant admits that the photograph was relevant, but argues that the prejudicial nature of the photograph outweighs its probative value. The State maintains that the photograph was relevant to demonstrate the position of the body when found by the investigating officers and to show the extent of the decedent's injuries. In accordance with the *Banks* guidelines, the trial court held a hearing to consider the admissibility of the photograph. Absent an abuse of discretion on the part of the trial judge, his ruling on this matter shall not be overturned. *Id.* at 949. The single photograph of the decedent, if error, did not affect the results. T.R.A.P. 36(b). This issue is, therefore, overruled.

■ In his final issue, appellant contends that the trial court erred by denying his motion to suppress evidence obtained from the search and seizure of appellant's car. Having failed to present this issue in his motion for a new trial, appellant has not preserved it for appeal. *State v. Maynard,* 629 S.W.2d 911, 912 (Tenn.Crim.App.1981); T.R.A.P. 3(e), 36(a). In any event, the car as found was in plain view, and the exterior

examination by the officers violated no right to privacy of the appellant. The judgment of the trial court is affirmed.

BYERS, J., and RICHARD R. FORD, Special Judge, concur.