# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## APRIL 1998 SESSION

FILED

May 1, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )  C.C.A. No. 02C01-9707-CC-00244
    Appellee,                )
                             )
vs.                          )  HARDIN COUNTY No. 7480
                             )
                             )
GAYLEN AUBREA SCOTT          )  AFFIRMED- RULE 20
                             )
    Appellant.               )


## ORDER


The defendant, Gaylen Aubrea Scott, was convicted by a jury of three (3) counts of driving without a valid driver's license and two (2) counts of violating the vehicle registration law. He was sentenced to thirty (30) days for each of the driver's license violations. One (1) of the convictions was ordered to be served consecutively for an effective sentence of sixty (60) days. The sentences were suspended, and the defendant was placed on unsupervised probation. No sentence was imposed for the registration law violations.

The defendant contends, *inter alia*, that the state failed to prove he must be licensed to drive a car; that because he was not engaged in a commercial activity when stopped, the state was "*ultra vires*" in arresting him; and that his arrest was a ploy by the state to collect money from him in violation of various sections of both the United States and Tennessee Constitutions.

The defendant was sentenced on June 4, 1997. He filed a notice of appeal on June 27, 1997. No motion for new trial was filed. A defendant wishing to appeal a conviction after a jury trial should file a written motion for new trial within thirty (30) days of the date the order of sentence was entered. Tenn. R. Crim. P. 33 (b). The thirty (30) day provision is jurisdictional, and an untimely motion is a nullity. State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997). The trial

court, cognizant of the defendant's intention to proceed on appeal *pro se,* specifically explained to the defendant that he must file a motion for new trial within thirty (30) days in order to appeal to this Court. The defendant indicated that he understood. The defendant filed a notice of appeal, but not a motion for new trial. When a motion for new trial is not timely made, this Court may only consider issues which would result in the dismissal of the charges, sufficiency of the evidence and sentencing. State v. Williams, 675 S.W.2d 499, 501 (Tenn. Crim. App. 1984). This Court may also consider plain errors affecting the substantial rights of the defendant if review is necessary to do substantial justice. State v. Maynard, 629 S.W.2d 911, 913 (Tenn. Crim. App. 1981).

The defendant has also failed to make appropriate references to the record as required by Tenn. R. App. P. 27 (g) and Rule 10 (b) of the Tennessee Court of Criminal Appeals. Accordingly, the issues are waived. State v. Turner, 919 S.W.2d 346, 358 (Tenn. Crim. App. 1995); State v. Killebrew, 760 S.W.2d 228, 233 (Tenn. Crim. App. 1988).

Evidence presented to the jury was clearly sufficient to support the convictions. Officers testified that defendant was checked on three (3) separate occasions and was unable to produce a driver's license. On two (2) of those occasions, the vehicle being driven by the defendant had an expired registration.

After a careful review of the record, we find no error committed by the trial court regarding the convictions or sentencing.

It is, therefore, ordered that the judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Tennessee Court of Criminal Appeals. As it appears the defendant is indigent, costs of appeal are taxed to the state.

_____
**JOE G. RILEY, JUDGE**

2

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**


_____
**WILLIAM M. BARKER, JUDGE**