# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs December 6, 2005

## STATE OF TENNESSEE v. MICHAEL ASHLEY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-07504      W. Otis Higgs, Judge**

---

**No. W2004-01319-CCA-MR3-CD  - Filed April 5, 2006**

---

Defendant, Michael Ashley, was indicted on one count of criminally negligent homicide, a Class E felony, arising out of the death of the victim, James Graham.  The trial court instructed the jury on the offenses of reckless endangerment accomplished with a deadly weapon, a Class E felony, and reckless endangerment without a deadly weapon, a Class A misdemeanor, as lesser included offenses of criminally negligent homicide.  Following a jury trial, Defendant was found not guilty of criminally negligent homicide and guilty of felony reckless endangerment.  The trial court denied probation and sentenced Defendant to two years confinement.  In his appeal, Defendant argues that the trial court erred in charging the jury on the offense of felony reckless endangerment as a lesser included offense of criminally negligent homicide, and that the trial court erred in sentencing him to a sentence of confinement rather than some form of alternative sentencing.  After a thorough review, we conclude that the conviction offense of felony reckless endangerment is not a lesser included offense of criminally negligent homicide. Because the jury rejected the charged offense of criminally negligent homicide, and because there are no lesser included offenses of criminally negligent homicide, we reverse and dismiss Defendant's conviction.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Criminal Court Reversed and Dismissed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Robert Wilson Jones, District Public Defender; and Garland Erguden, Assistant Public Defender, Memphis, Tennessee (on appeal), and Stephen Temple, Memphis, Tennessee (at trial), for the appellant, Michael Ashley.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Michelle Kimbrill-Parks, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## I. Background

Because Defendant did not challenge the sufficiency of the convicting evidence, we will only briefly outline the evidence supporting his conviction. On April 26, 1999, Defendant, Ricky Johnson, Larry Stafford, and the victim bought a twelve-pack of beer after work and went to Defendant's apartment to clean up before going out for the evening. As the men took turns showering and changing, Defendant demonstrated how the decocking mechanism worked on his 9 mm Ruger pistol. If the decocking mechanism was pushed instead of the trigger being pulled, the gun would not fire. Mr. Johnson and Mr. Stafford testified that over the next twenty to thirty minutes, the victim and Defendant took turns cocking the pistol, putting the gun to their heads, and then pushing the decocking mechanism to prevent the bullet from discharging. Mr. Stafford said that the victim and Defendant were laughing and "making a joke" about it.

Mr. Johnson and Mr. Stafford testified that the victim and Defendant were both aware that the gun was loaded when they put the gun to their heads. Mr. Johnson said that at one point when Defendant handed him the gun, Mr. Johnson took the clip out and laid it on the table, but Defendant reloaded the gun. The victim left the room to take a shower. When the victim returned to the kitchen, Mr. Johnson and Mr. Stafford testified that Defendant "jacked the bullet into the chamber," handed the victim the gun and asked, "do you trust me?" The victim placed the gun to his head and pulled the trigger instead of the decocking mechanism. Mr. Stafford said that Defendant had previously asked everyone, including the victim, the question, "do you trust me?" before handing them the gun. Mr. Johnson acknowledged that he said in his statement to the police that he guessed the victim thought the gun was unloaded when he pulled the trigger. Mr. Johnson, however, testified at trial that he did not know why he said that because the victim had put the loaded gun to his head and pushed the decocking mechanism earlier in the evening.

Dr. Cynthia Gardner, the assistant medical examiner for Shelby County, testified that the victim died from a single gunshot wound to the right temple. Dr. Gardner said that the presence of

soot and abrasions around the entry wound indicated that the gun was pressed to the surface of the victim's skin at the time the gun was discharged.

By its verdict, the jury found Defendant not guilty of the indicted offense of criminally negligent homicide.

## II. Lesser Included Offenses

At the conclusion of the State's proof, the trial court indicated in a hearing out of the presence of the jury that it intended to charge misdemeanor reckless endangerment as a lesser included offense of criminally negligent homicide. The State requested a charge on felony reckless endangerment as a lesser included offense, and defense counsel objected because both felony reckless endangerment and criminally negligent homicide are Class E felonies. Over defense counsel's objection, the trial court instructed the jury on both felony and misdemeanor reckless endangerment as lesser included offenses of criminally negligent homicide.

Defendant argues that the trial court erred in charging the jury with the offense of felony reckless endangerment as a lesser included offense of criminally negligent homicide. We must first address the State's argument that Defendant has waived appellate review of this issue by failing to timely file a motion for new trial. Defendant was sentenced and judgment was entered on October 30, 2002. Defendant's retained counsel filed a motion for new trial on January 16, 2003, well beyond the thirty-day time limit provided for by Rule 33 of the Tennessee Rules of Criminal Procedure. Extensions of time for the filing of a motion for new trial are prohibited by Rule 45 of the Tennessee Rules of Criminal Procedure, and the court cannot waive the thirty-day requirement. *State v. Givham*, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980). Because Defendant's motion for new trial was not timely filed, it did not toll the thirty-day period for filing the notice of appeal. On May 21, 2004, the trial court learned that retained counsel had failed to perfect an appeal and appointed the Shelby County Public Defender to represent Defendant on appeal. This Court granted

appointed counsel's motion to late file the notice of appeal document pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure.

The State argues that by untimely filing his motion for new trial, Defendant waived appellate review of the trial court's jury instructions on lesser included offenses.  See Tenn. R. App. P. 3(e) (Challenges to jury instructions granted or refused may not be presented for review unless specifically stated in a motion for new trial); *see also State v. Williams*, 675 S.W.2d 499, 501 (Tenn. Crim. App. 1984). When a motion for new trial is not timely made, then normally this Court may only consider issues which would result, if meritorious, in the "outright dismissal of a defendant's conviction." *Id*. (citing Tenn. R. App. P. 3(e); *State v. Durham*, 614 S.W.2d 815 (Tenn. Crim. App. 1981)).  In addition, we also may consider errors affecting the substantial rights of the defendant if review is necessary to do substantial justice, i.e. "plain error."  Tenn. R. Crim. P. 52(b); *State v. Maynard*, 629 S.W2d 911, 913 (Tenn. Crim. App. 1981).

When a trial court erroneously charges the jury on lesser included offenses, and the error is *not* harmless beyond a reasonable doubt, different remedies may be applicable based upon the facts present in the case.  If a defendant is convicted of the charged offense, but the trial court erroneously failed to charge the jury on any or some of the appropriate lesser included offenses under the test set forth in *State v. Burns*, 6 S.W.3d 453 (Tenn. 1999), the conviction must be reversed and remanded for a new trial on the charged offense and any appropriate lesser included offenses.  *State v. Ely*, 48 S.W.3d 710, 727-28 (Tenn. 2001).  If a defendant is convicted of an offense which is *not* a lesser included offense of the charged offense, but the jury has not reached a decision as to guilt of at least one appropriate lesser included offense, then the defendant's conviction must be reversed, and the case remanded for a new trial on any appropriate lesser included offenses of the charged offense that either (1) were not originally charged; or (2) were properly charged, but were not considered by the jury because they were below the erroneously charged offense in the descending order of offenses. *State v. Moore,* 77 S.W.3d 132, 136 (Tenn. 2002); *State v. Rush*, 50 S.W.3d 424, 432 (Tenn. 2001). However, if the defendant was convicted of an offense which is *not* a lesser included offense of the charged offense, and either (1) the jury was charged with and, by its verdict, rejected all

-4-

appropriately charged lesser included offenses in descending order, or (2) there are no lesser offenses than the erroneously charged offense, then the defendant's conviction must be reversed and dismissed. *See State v. Pharez Price*, No. M2002-01717-CCA-R3-CD, 2003 WL 1868653, at *10 (Tenn. Crim. App., at Nashville, Apr. 11, 2003), *perm. app. denied* (Tenn. Oct. 13, 2003); *State v. Carla Moten*, No. W2001-01922-CCA-R3-CD, 2002 WL 31730891, at *3 (Tenn. Crim. App., at Jackson, Nov. 22, 2002), *perm. app. denied* (Tenn. May 19, 2003).

Thus, if the issue presented in this case falls into the last category, that is, felony reckless endangerment is not a lesser included offense of criminally negligent homicide and there are no lesser included offenses of criminally negligent homicide, then we may consider Defendant's argument, notwithstanding the untimely filing of his motion for new trial, because this issue would result in the dismissal of the prosecution against him. We must initially determine, therefore, whether the offense of felony reckless endangerment is a lesser included offense of criminally negligent homicide under the *Burns* analysis.

Under the test adopted in *Burns*, an offense is a lesser-included offense if:

(a) all of its statutory elements are included within the charged offense; or

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing:

(1) a different mental state indicating a lesser kind of culpability; or

(2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of facilitation, attempt or solicitation of the offense charged.

*Id.* at 466-67.

If an offense is determined to be a lesser included offense under the foregoing analysis, the trial court must then determine "whether any evidence exists that reasonable minds could accept as

to the lesser included offense." *Id*. at 469.

The offense of criminally negligent homicide requires a finding that the defendant (1) engaged in criminally negligent conduct, and (2) that the criminally negligent conduct resulted in death. T.C.A. § 39-13-212(a). "'Criminal negligence' refers to a person who acts with criminal negligence with respect to the circumstances surrounding that person's conduct or the result of that conduct when the person ought to be aware of a substantial or unjustifiable risk that the circumstances exist or the result will occur." *Id*. § 39-11-302(d).

A person commits the offense of felony reckless endangerment if he or she (1) recklessly, (2) "engages in conduct which places or may place another person in imminent danger of death or serious bodily injury," and (3) a deadly weapon is used. *Id*. § 39-13-103(a), (b). Misdemeanor reckless endangerment contains all of the statutory elements of felony reckless endangerment except that the use of a gun is not required. *Id*. "'Recklessly' refers to a person who acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct when the person is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id*. § 39-11-302(c).

Both criminally negligent conduct and reckless conduct require that the nature of the risk and the degree of the failure to perceive or disregard the risk "constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint." *Id*. § 39-11-302(c) and (d).

In *Rush*, the Supreme Court concluded that felony reckless endangerment is not a lesser included offense of attempted second degree murder, observing that "[b]ecause proof of use of a deadly weapon is always required for a felony reckless endangerment conviction but is not required for an attempted second degree murder conviction, and because the deadly weapon element does not reflect an intent requirement indicating lesser culpability or a less serious risk of harm, neither part (a) or part (b) of the *Burns* test is satisfied." *Id*.

The offense of criminally negligent homicide does not require proof that the accused used a deadly weapon to commit the offense. *State v. Goodwin*, 143 S.W.3d 771, 782 (Tenn. 2004). Thus, under the *Rush* analysis, felony reckless endangerment, which always requires proof of a deadly weapon, is not a lesser included offense of criminally negligent homicide under part (a). Moreover, the use of a gun does not reflect a less serious risk of harm under part (b)(2) than the failure to perceive the existence of a substantial or unjustifiable risk.

However, the offense of reckless endangerment, whether felony or misdemeanor, exhibits a second differing statutory element from criminally negligent homicide which was not at issue in *Rush*. In *Rush*, the charged offense of attempted second degree murder had an intent element, knowingly, that was greater than the intent element, recklessly, required to support a conviction of felony reckless endangerment. *See* T.C.A. § 39-11-301(2) (When recklessness suffices to establish an element, that element is also established if a person acts intentionally or knowingly). The *Rush* court observed that a differing element reflecting an intent lower on the hierarchy is generally not considered "a differing statutory element" because "lesser-hierarchy intent elements also reflect a lesser degree of culpability" under part (b)(1) of the *Burns* analysis. *Rush*, 50 S.W.3d at 430 n.7; *see also State v. Ely*, 48 710, 721-22 (Tenn. 2001).

In the case *sub judice*, however, the required intent requirement for the offense of reckless endangerment is higher on the hierarchy of culpable mental states than the required intent requirement of the charged offense of criminally negligent homicide. *See* T.C.A. § 39-11-301(2) (When criminal negligence suffices to establish an element of an offense, that element is also established if a person acts intentionally, knowingly or recklessly); *see also Gillon*, 15 S.W.3d 492, 497 (Tenn. Crim. App. 1997) (Proof that one acted intentionally, knowingly or recklessly also encompasses criminally negligent behavior); *Goodwin*, 143 S.W.3d at 782 (Offense of criminally negligent homicide addresses negligent conduct resulting in death that does not rise to the level of reckless conduct required in the offense of reckless homicide.) Thus, for purposes of the *Burns* analysis, the element of recklessness is treated as a "differing statutory element" which must satisfy the requirements of part (b)(1) of the *Burns* analysis. *Rush*, 50 S.W.3d at 430.

Both criminally negligent homicide and reckless endangerment require conduct that "constitutes a gross deviation from the standard of care that an ordinary person would exercise under all of the circumstances as viewed from the accused's standpoint." T.C.A. § 39-11-302(c), (d). However, the distinguishing feature between reckless conduct and criminally negligent conduct is the degree of awareness. *Gillon*, 15 S.W.3d at 497. A person acts recklessly if he or she is "aware of but consciously disregards a substantial and unjustifiable risk," while a person is criminally negligent when he or she "*ought* to be aware of a substantial and unjustifiable risk." T.C.A. § 39-11-302(c)(emphasis added); *Gillon*, 15 S.W.3d at 497 (*citing State v. Butler*, 880 S.W.2d 395, 398 (Tenn. Crim. App. 1994)).

Part (b)(1) of the *Burns* analysis requires that the differing mental state indicate a lesser kind of culpability. Based on the foregoing, we cannot conclude that a culpable mental state reflecting a conscious disregard of a substantial and unjustifiable risk reflects a lesser kind of culpability than the failure to perceive that risk as contemplated in part (b)(1) of the *Burns* analysis. Thus, neither felony nor misdemeanor reckless endangerment are lesser included offenses of criminally negligent homicide in this case, and the trial court erred in instructing the jury on those offenses. Moreover, we fail to discern any other offense which may be a lesser included offense of criminally negligent homicide under the facts presented in this case. Accordingly, we reverse the trial court's judgment and dismiss Defendant's conviction.

In its brief, the State strenuously argues that Defendant has waived his issue on the trial court's erroneous charge to the jury on lesser included offenses by failing to timely file his motion for new trial. Ordinarily, Rule 3(e) of the Rules of Appellate Procedure precludes appellate review of "jury instructions granted or refused" unless the issue was specifically stated in a motion for new trial. In the instant case, however, at the point when the time for filing a motion for new trial began to run, Defendant (and counsel) were aware that Defendant had been convicted of felony reckless endangerment, which is *not* a lesser included offense of criminally negligent homicide. Therefore, if Defendant had filed a motion for new trial on time, the proper phrasing of the issue would be to move the trial court to reverse the judgment of conviction and dismiss the charges in the indictment

because he was convicted of an offense which is not included in the indictment, and he was acquitted of the charged offense of criminally negligent homicide. Because Defendant's meritorious issue, albeit based on the giving of an erroneous jury instruction, results in the dismissal of the prosecution against him, he has not waived consideration of the issue for purposes of appeal. *See Williams*, 675 S.W.2d at 501.

## III. Sentencing Issues

In the event of further review, we will address Defendant's challenge to the trial court's denial of his request for alternative sentencing and the length of his sentence.

At the sentencing hearing, Tonya Yarbrough, the victim's sister, and Carolyn Graham, the victim's mother, described how the victim's death had affected the family. Ms. Yarbrough acknowledged that the victim's conduct was also at fault in the incident, but she said that Defendant had never expressed remorse for the incident or told the family members that he was sorry for the victim's death. Ms. Graham said that the victim's death was "devastating," and she was on medication as a result of the incident. Ms. Graham said that the victim trusted Defendant, and Defendant should have acted more responsibly.

Defendant testified that he was working at the time of the sentencing hearing and had moved his family to Virginia to reduce the family's expenses in case he was incarcerated. Defendant said that he had two prior motor vehicle registration violations and two convictions of driving on a suspended license. Defendant said that he did not use drugs, and he had stopped drinking except on special occasions such as holidays.

Defendant said that he believed that if the victim had handled the gun differently, or if he had acted differently, the incident would not have happened. Defendant said that he called 911 after the victim shot himself, and he followed the instructions relayed by the paramedic over the telephone

in an effort to stop the victim's bleeding. Defendant told the trial court that he was "deeply sorry" for the incident.

At the conclusion of the sentencing hearing, the trial court denied Defendant's request for alternative sentencing based primarily on the need to provide a deterrence to others likely to commit similar offenses. The trial court observed at "the front end," that

> this is not a proper case for probation. The deterrent effect in this case is too great. This community must be told, it must be demonstrated clearly that this kind of conduct will not be tolerated. It simply will not be tolerated for a man to act in this manner.

The trial court also considered the nature and circumstances of Defendant's offense in denying his request for alternative sentencing, particularly the motivation as to why Defendant would engage in that type of conduct. The trial court noted that it had to assume that Defendant committed the offense "to demonstrate a kind of weird self-gratification for this kind of excitement," and concluded that this was not the kind of sentence "that should be probated."

In determining the length of Defendant's sentence, the trial court considered Defendant's history of motor vehicle violations, the fact that the victim's injury was particularly great, and the fact that the offense was committed when the risk to human life was high. *See* T.C.A. § 40-35-114(2), (7), and (11). Based on these considerations, the trial court sentenced Defendant to two years confinement.

We note initially that on June 7, 2005, the General Assembly amended Tennessee Code Annotated sections 40-35-102, -114, -210, -303, and -401 regarding enhancing sentencing factors. *See* 2005 Tenn. Pub. Acts ch. 353, §§ 1, 5, 6, 7, 8. However, the amended code sections are inapplicable to Defendant's appeal because his offenses and sentencing occurred prior to June 5, 2005, the effective date of the Act. *See* 2005 Tenn. Pub. Acts ch. 353 §§ 18, 22.

When a defendant challenges the length or the manner of service of his or her sentence, this Court must conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d); *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002). This presumption, however, is contingent upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). If the record fails to show such consideration, the review of the sentence is purely *de novo*. *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determinations the trial court must consider: (1) the evidence presented at the trial and sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct; (5) any appropriate enhancement and mitigating factors; (6) the defendant's potential or lack of potential for rehabilitation or treatment; and (7) any statements made by Defendant in his own behalf. T.C.A. §§ 40-35-103 and -210; *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995). If the trial court has imposed a lawful sentence by following the statutory sentencing procedure, given due consideration and proper weight to the factors and sentencing principles, and made findings of fact adequately supported by the record, this Court may not modify the sentence even if it would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing that his sentence is improper. T.C.A. § 40-35-401(d) Sentencing Commission Comments; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

Defendant argues that as a Range I standard offender convicted of a Class E felony, he is presumed eligible for probation, and the State did not sufficiently rebut this presumption. Because Defendant does not fall within the class of offenders for whom incarceration is a priority and is a standard offender convicted of a Class E felony, Defendant is presumed to be an eligible candidate for alternative sentencing. T.C.A. §§ 40-35-102(5) and (6). If the trial court, however, is presented with evidence sufficient to overcome the presumption, then it may sentence a defendant to

confinement. *Ashby*, 823 S.W.2d at 169. Each case is determined on its own facts and circumstances. *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Guidance as to what may constitute evidence to the contrary is provided by Tennessee Code Annotated section 40-35-103. These considerations include:

(A)    Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)    Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit the offenses; or

(C)    Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(A)-(C). In addition, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." *Id*. § 40-35-103(5).

Defendant argues that the trial court erroneously relied on the need for deterrence in denying his request for alternative sentencing because "[t]here was no evidence presented which would indicate that similar incidents were on the increase in Memphis or which indicated some prior involvement by [Defendant] in similar conduct."

A trial court's decision to impose a sentence of confinement based solely on the need for deterrence will not be disturbed so long as "any reasonable person looking at the entire record could conclude that (1) a need to deter similar crimes is present in the particular community, jurisdiction, or in the state as a whole, and (2) incarceration of the defendant may rationally serve as a deterrent

-12-

to others similarly situated and likely to commit similar crimes." *State v. Hooper*, 29 S.W.3d 1, 10 (Tenn. 2000). In addition, the supreme court also recognized that "general deterrence is possible only after specific deterrence has first been achieved." *Id*, at 12. Thus, "repeated occurrences of the same type of criminal conduct by a defendant generally warrant a more emphatic reminder that criminal actions carry consequences." *Id*. The trial court in the instant case did not substantiate its finding that deterrence was necessary as outlined in *Hooper*. Nonetheless, deterrence was not the sole consideration upon which the trial court relied in imposing a sentence of confinement.

The trial court also found that confinement was necessary because Defendant had a long history of criminal convictions. From the proof, we gleam that he has two prior motor vehicle registration violations, and two convictions for driving on a suspended license. Defendant has no prior felony convictions. Defendant denied that he used illegal drugs, and there is no evidence to the contrary. Based on the foregoing, we conclude that Defendant's prior criminal history does not indicate a "long history" of criminal conduct, and is therefore insufficient to support a sentence of confinement under Tennessee Code Annotated section 40-35-103(a)(A). Moreover, there is no evidence that Defendant lacks the potential for rehabilitation. *See* T.C.A. § 40-35-103(1)(C).

The trial court also found that a sentence of confinement was necessary to avoid depreciating the seriousness of the offense. *See id*. § 40-35-103(B). To deny probation based solely on the nature and circumstances of the offense, "the criminal act, as committed, must be 'especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring probation." *State v. Hartley,* 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1985) (quoting *State v. Cleavor*, 691 S.W.2d 541, 543-44 (Tenn.1985)).

Defendant's conviction was based upon his reckless conduct which placed others in danger and ultimately resulted in the loss of the victim's life. Although we acknowledge the trial court's perplexity as to why two men would engage in the type of conduct exhibited that evening, based on our review of the record, we are unable to conclude that the circumstances of this offense meet the

standard set forth in *Hartley* and *Cleavor*. The legislature has specifically authorized the use of sentencing alternatives to confinement for persons convicted of the crime of reckless endangerment, even when the death of the victim occurs. The legislature also reserved priority in sentencing to confinement of those felons "committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation." T.C.A. § 40-35-102(6).

There is no evidence that Defendant engaged in this type of conduct either before the incident or after, and there is no evidence in the record that offenses of this type are "increasingly present in the community, jurisdiction, or the state as a whole." *Hooper*, 29 S.W.3d at 10. Defendant testified, and the State did not offer evidence to the contrary, that he has never been placed on probation, that his criminal history consists of motor vehicle violations, that he has been steadily employed, and that he supports his family.

Based on our review, we conclude that there is insufficient evidence to overcome the statutory presumption that Defendant is a favorable candidate for alternative sentencing. That is not to say, however, that Defendant's conduct does not support some period of confinement. The trial court's determination of whether the defendant is entitled to an alternative sentence and whether the defendant is a suitable candidate for full probation are different inquiries with different burdens of proof. *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). When, as here, the defendant is entitled to the statutory presumption favoring alternative sentencing, the State must overcome the presumption by the showing of "evidence to the contrary." *Ashby*, 823 S.W.2d at 169; *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled in part on other grounds by State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000). If some form of alternative sentencing is warranted, however, it is the defendant who has the burden of demonstrating his suitability for full probation. *Bingham*, 910 S.W.2d at 455; *see also* T.C.A. § 40-35-303(b).

Accordingly, if the conviction was not reversed and the charges dismissed, we would nevertheless reverse and remand to the trial court for determination of an appropriate alternative sentence.

## CONCLUSION

After a thorough review, we reverse Defendant's conviction of felony reckless endangerment, and dismiss the indictment.

                                      _____

                                       THOMAS T. WOODALL, JUDGE