IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 20, 2015

## STATE OF TENNESSEE v. DEBRA L. HEATH

**Appeal from the Criminal Court for Morgan County
No. 2013-CR-17     E. Eugene Eblen, Judge**

---

**No. E2014-00555-CCA-R3-CD – Filed July 28, 2015**

---

The Defendant-Appellant, Debra L. Heath, has appealed the Morgan County Criminal Court's denial of her motions to suppress evidence obtained during searches of her property.  The appellate record, however, does not contain a motion for new trial, a transcript from a motion for new trial hearing, or an order denying a motion for new trial.  Pursuant to Rule 3(e) of the Tennessee Rules of Appellate Procedure, we conclude that the issue presented herein has been waived.  The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed
Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

Harold E. Deaton, Jamestown, Tennessee, for the Defendant-Appellant, Debra L. Heath.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Russell Johnson, District Attorney General; and Frank A. Harvey and Tiffany Smith, Assistant District Attorneys General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

Heath was indicted by the Morgan County Grand Jury for one count of cruelty to animals, a Class A misdemeanor, stemming from her failure to properly feed and care for her horses.  See T.C.A. § 39-14-202.  Heath filed three pre-trial motions to suppress, alleging that the Morgan County Sheriff's Department conducted illegal searches of her property on July 17, 2012, and July 20, 2012.  A suppression hearing was conducted on September 23, 2013, although no transcript from this hearing is included in the record, and the hearing was continued to February 19, 2014.  At the conclusion of the February

19, 2014 hearing, the trial court orally denied the motion to suppress, although no order denying the motion is included in the record on appeal. The same day, Heath was convicted as charged, and the jury imposed a $2,000 fine. Pursuant to an agreement between the parties, Heath received a suspended sentence of eleven months and twenty-nine days to be served on unsupervised probation, her fine was waived on the ground of indigency, she surrendered the three horses involved in this case, and she was prohibited from owning any horses for the length of her sentence.

Heath's sole issue on appeal is whether the trial court erred in denying her suppression motions. However, the record on appeal does not contain a motion for new trial, a transcript from a motion for new trial hearing, or an order denying a motion for new trial. A failure to file a motion for new trial waives all issues for appellate review other than the sufficiency of the evidence and sentencing. See Tenn. R. App. P. 3(e); State v. Bough, 152 S.W.3d 453, 460 (Tenn. 2004). On July 2, 2015, by order of this court, we directed the circuit court clerk to supplement the record with the motion for new trial, the transcript of the motion for new trial hearing, the order denying the motion for new trial, and/or the minute entry denying the motion for new trial. See Tenn. R. App. P. 24(e) ("If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted."); State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012) (stating that an order of supplementation may be the proper remedy for any deficiencies in the record). This court was subsequently informed that "these documents have never been filed." Therefore, despite our efforts, the record on appeal does not contain a motion for new trial, a transcript of a hearing on the motion for new trial, or an order denying the motion for new trial.

As previously noted, the failure to file a written motion for new trial deprives a defendant of the right to have a hearing on the motion and the opportunity to argue on appeal any issues that should have been presented in the motion for new trial. State v. Martin, 940 S.W.2d 567, 569 (Tenn.1997)(internal citations omitted). Moreover, pursuant to Rule 3(e), "the failure to file a motion for a new trial, the late filing of a motion for a new trial, and the failure to include an issue in a motion for a new trial results in waiver of all issues which, if found to be meritorious, would result in the granting of a new trial." State v. Keel, 882 S.W.2d 410, 416 (Tenn. Crim. App. 1994) (footnote omitted). The waiver provision of Rule 3(e), however, does not apply when the issue, if found to be meritorious, would result in the dismissal of the prosecution against the accused.

The issue presented in this appeal was not properly preserved by a motion for new trial; therefore, based on the above authority, it has been waived. See, e.g. State v. Moses, 701 S.W.2d 629, 631 (Tenn. Crim. App. 1985) (challenge to denial of motion to suppress waived because defendant failed to include issue in motion for new trial).

Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE