IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 7, 2017

## STATE OF TENNESSEE v. KYLE J. DODD

**Appeal from the Circuit Court for Dyer County**
**No. 15-CR-180      Russell Lee Moore, Jr., Judge**

_____

### No. W2017-00733-CCA-R3-CD
_____

The Defendant, Kyle J. Dodd, was convicted by a jury of driving under the influence (DUI), second offense, a Class A misdemeanor. See Tenn. Code Ann. §§ 55-10-401, -402(a)(2). The trial court imposed a sentence of eleven months and twenty-nine days with fifty days to be served in confinement and the remainder to be served on supervised probation. On appeal, the Defendant contends that the trial court erred in denying his motion to suppress his statements to the investigating officer and "all evidence derived from" his statements because the officer did not properly inform him of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). However, our review of the record reveals that the Defendant failed to raise this issue in a timely motion for new trial; thereby, waiving full appellate review. Additionally, we conclude that plain error review of the issue is not warranted. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Charles M. Agee, Jr., Dyersburg, Tennessee, for the appellant, Kyle J. Dodd.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Charles T. Dyer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 29, 2014, Tennessee Highway Patrol Trooper Jerry Mealer responded to a report of "a pickup truck that had run off the road and flipped into a yard." Trooper Mealer determined that the truck was registered to the Defendant and went to a

nearby house where the Defendant had been staying to question the Defendant about the accident.

The Defendant admitted that he had been driving the truck but initially denied having consumed any alcohol. Trooper Mealer asked the Defendant to perform some field sobriety tests. During the field sobriety tests, the Defendant admitted to having had a drink earlier that night. The Defendant also consented to a blood draw. Trooper Mealer arrested the Defendant on suspicion of DUI after he failed the field sobriety tests.

Prior to trial, the Defendant filed a motion to suppress his statements to Trooper Mealer along with the video of the field sobriety tests and the results of his blood draw. The trial court denied the motion, concluding that Trooper Mealer was not required to give the Defendant <u>Miranda</u> warnings prior to his initial questioning of the Defendant. The trial court further concluded that the Defendant's later admission of having had a drink was a voluntary statement. The Defendant now appeals to this court.

Tennessee Rule of Appellate Procedure 3(e) treats issues "upon which a new trial is sought" as waived "unless the same was specifically stated in a motion for a new trial." The Defendant did not file a motion for new trial raising his suppression issue. As such, we review this issue solely for plain error. <u>See</u> <u>State v. Maynard</u>, 629 S.W.2d 911, 912 (Tenn. Crim. App. 1981) (holding that failure to raise suppression issue in a written motion for new trial waives the right to present the issue on appeal). The doctrine of plain error applies when all five of the following factors have been established:

(a) the record must clearly establish what occurred in the trial court;
(b) a clear and unequivocal rule of law must have been breached;
(c) a substantial right of the accused must have been adversely affected;
(d) the accused must not have waived the issue for tactical reasons; and
(e) consideration of the error must be "necessary to do substantial justice."

<u>State v. Page</u>, 184 S.W.3d 223, 230-31 (Tenn. 2006) (quoting <u>State v. Terry</u>, 118 S.W.3d 355, 360 (Tenn. 2003)) (internal brackets omitted). "An error would have to [be] especially egregious in nature, striking at the very heart of the fairness of the judicial proceeding, to rise to the level of plain error." <u>Id.</u> at 231.

Here, plain error review is not warranted because the record does not clearly establish what occurred in the trial court. <u>Page</u>, 184 S.W.3d at 230. The Defendant provided this court with only a brief excerpt of the trial transcript during which he renewed his objection to the admission of the statements and other evidence. The Tennessee Rules of Appellate Procedure "contemplate that allegations of error should be evaluated in light of the entire record" and "appellate courts may consider the proof adduced both at the suppression hearing and at trial" when "evaluating the correctness of

a trial court's ruling on a pretrial motion to suppress." State v. Henning, 975 S.W.2d 290, 299 (Tenn. 1998). Likewise, erroneous admission of evidence obtained in violation of a defendant's Miranda rights is subject to harmless error analysis. State v. Climer, 400 S.W.3d 537, 569-70 (Tenn. 2013). We cannot perform that analysis without a transcript of the trial.

Furthermore, the Defendant has failed to show that a clear and unequivocal rule of law has been breached. Page, 184 S.W.3d at 230. In State v. Michael Hugo Brooks, a panel of this court concluded that a trial court did not err in denying a suppression motion similar to the Defendant's. No. W2009-00274-CCA-R3-CD, 2010 WL 481212 (Tenn. Crim. App. Feb. 11, 2010). The Defendant in Brooks was the registered owner of a vehicle that had been involved in an accident. Id. at *1. He was questioned by the investigating officer at a nearby house, admitted to having been the driver of the vehicle, and consented to perform several field sobriety tests. Id. This court concluded that the officer's failure to advise the Defendant of his Miranda rights was not plain error. Id. at *2. As such, we decline to review this issue for plain error.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE