IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2013

## CLARENCE D. SCHREANE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**

**No. 287825    Rebecca Stern, Judge**

---

**No. E2013-01161-CCA-R3-HC - Filed December 2, 2013**

---

The petitioner, Clarence D. Schreane, acting pro se, appeals the Hamilton County Criminal Court's summary denial of habeas corpus relief. Upon review, we affirm the judgment of the habeas corpus court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Clarence D. Schreane, Lewisburg, Pennsylvania, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Kyle Hixson, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In 2004, the petitioner was convicted by a Hamilton County Criminal Court Jury of the 1991 first degree premeditated murder and the especially aggravated robbery of Marcus Charles Edwards. See State v. Clarence David Schreane, No. E2005-00520-CCA-R3-CD, 2006 WL 891394, at *1 (Tenn. Crim. App. at Knoxville, Apr. 5, 2006). The trial court imposed a total effective sentence of life plus sixty years in the Tennessee Department of Correction. Id. On direct appeal, the petitioner claimed that the trial court "should have suppressed his confession because (1) he was not given his Miranda warnings in time, and (2) he confessed 'in return for certain concessions and a promise of leniency.'" Id. at *3. Regarding the alleged Miranda violation, this court stated:

The record reflects that the [petitioner] initiated the questioning in this case by voluntarily seeking out the detectives and speaking to them concerning the victim's murder. In this regard, we conclude the record does not reflect that the [petitioner] was under custodial interrogation before the police read him the Miranda warnings and obtained his waiver of rights. The [petitioner] is not entitled to relief on this issue.

Id. at *5. Further, this court concluded that the petitioner's statement was made voluntarily and was not based upon improper promises or concessions. Id. at *5-6. Accordingly, this court affirmed the petitioner's convictions and sentences. Id. at *1.

Thereafter, the petitioner filed a petition for post-conviction relief, alleging "that trial counsel rendered ineffective assistance by (1) not seeking dismissal of the Petitioner's indictment on due process grounds, (2) not seeking dismissal of the Petitioner's indictment under the Interstate Compact on Detainers, and (3) not seeking suppression of the Petitioner's statement to police on the basis that he was denied the right to counsel." Clarence David Schreane v. State, No. E2009-01103-CCA-R3-PC, 2010 WL 3919264, at *1 (Tenn. Crim. App. at Knoxville, Oct. 7, 2010). The post-conviction court denied the petition, and the petitioner appealed. This court concluded that the petitioner's counsel was not ineffective and affirmed the judgment of the post-conviction court. Id.

On May 12, 2010, the petitioner filed a petition for writ of error coram nobis, again contending that his statements to police should have been suppressed because he had invoked his right to counsel and because the statement was involuntary. See Clarence D. Schreane, No. E2012-01202-CCA-R3-PC, 2013 WL 173193, at *1, 5 (Tenn. Crim. App. at Knoxville, Jan. 16, 2013), perm. to appeal denied, (Tenn. 2013). Additionally, the petitioner alleged that the State violated the dictates of Brady v. Maryland, 373 U.S. 83, 87 (1963). Id. at *5. As support for this contention, he stated that the case file he received from his appellate attorney contained "'eight legal tapes'" that "contained recordings of suspects in the 1991 murder that were interviewed by police before the case became 'cold.'" Id. at *5, 8. The petitioner contended the tapes "support[ed] his claim that the confession that he gave to police was not voluntary." This court concluded that the petitioner had not produced any "newly discovered evidence" and was therefore not entitled to a writ of error coram nobis. Id. at *8.

On March 23, 2012, the petitioner filed a "'Federal Rule [of] Civil Procedural Rule 60(b) Motion to Reopen,'" again complaining about "counsel's handling of the motion to suppress his statements to investigators." Clarence D. Schreane v. State, No. E2012-00954-00954-CCA-R3-CO, 2013 WL 5516430, at *1 (Tenn. Crim. App. at Knoxville, Oct. 2, 2013); application for perm. to appeal filed, (Nov. 6, 2013). The "trial court treated the

motion as a motion to reopen post-conviction proceedings, and, alternatively, as a petition for a writ of error coram nobis." Id. (citations omitted). However, the court found that "the motion did not present cognizable grounds for relief under either theory and summarily denied relief." Id. Additionally, on June 28, 2012, the petitioner "filed a Motion for Relief from Judgment," which the trial court overruled. Id. at *3. The petitioner appealed the trial court's denials of both motions, and this court consolidated the cases. Id. at *1. On appeal, this court affirmed the trial court's denial of relief. Id. at *3.

On April 13, 2013, while the Rule 11 application was pending in the supreme court regarding this court's denial of his writ of error coram nobis petition, the petitioner filed in the Hamilton County Criminal Court a "Motion to Dismiss Indictment in Light of U.S. v. Cotton, 535 U.S. 625, 630 (2002)/U.S. v. Gatewood, 173 F.3d 983, 986 (6th Cir. 1999)," which is the subject of the instant appeal. The petitioner alleged that the indictment should have been dismissed because the State violated Brady by not informing the grand jury of the audiotape recordings of statements by other witnesses and/or potential suspects. The petitioner maintains that the grand jury, therefore, was unable to "conduct[] a relevant investigation" into whether there was sufficient proof to indict him. The petitioner further alleged that the only evidence the grand jury considered was his confession, which was unlawfully obtained.

In its order ruling on the motion, the trial court stated that in "[i]nterpreting the motion to allege that the indictment in case 242616 is invalid for various reasons, the Court treats the motion as an application for the writ of *habeas corpus*." The court found that the indictment against the petitioner was facially valid and was not void. Additionally, the court found that "[t]o the extent that the application challenges the composition and decision-making process of the grand jury, it does not state a claim for the writ of *habeas corpus*." Accordingly, the trial court denied the motion.

On appeal, the petitioner challenges the trial court's denial of his motion.

## II. Analysis

Initially, we note that the petitioner complains that the habeas corpus court "recharacterized" his motion "to justify [its] understanding of [the petitioner's] motion to dismiss indictment, which is self-explanatory, caption and syle." Tennessee Rule of Criminal Procedure 12(b)(2)(B) provides that "a motion alleging a defect in the indictment, presentment, or information," including challenges to the constitutionality of an underlying criminal statute, must generally be raised prior to trial; otherwise, the issue is considered waived. See also State v. Seagraves, 837 S.W.2d 615, 623 (Tenn. Crim. App. 1992); Robert Guerrero v. Dwight Barbee, Warden, No. W2012-01873-CCA-R3-HC, 2013 WL 1189462,

at *3-4 (Tenn. Crim. App. at Jackson, Mar. 22, 2013). Accordingly, because the petitioner filed the motion to dismiss the indictment approximately nine years after his conviction, it was untimely.

In our view, the trial court correctly construed the motion as a petition for a writ of habeas corpus. The determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

The State correctly asserts that the petitioner failed to comply with the procedural requirements for a habeas corpus petition. See Tenn. Code Ann. § 29-21-107; Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). However, because the lower court did not deny the petition on procedural grounds, neither will we. See Hickman v. State, 153 S.W.3d 16, 23 (Tenn. 2004).

We note that, typically, challenges to an indictment are not proper for a habeas corpus action. See Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). However, our supreme court has held that "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, (Tenn. 1998). It is undisputed that a valid indictment is essential to establish jurisdiction for prosecution. Id. Generally, an indictment is valid if the information contained therein provides sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727

(Tenn. 1997).

The petitioner did not attach a copy of the indictment to his petition. However, the court found that the indictment against the petitioner was facially valid and was not void. There is nothing in the record to preponderate against this finding. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Additionally, the court found that "[t]o the extent that the application challenges the composition and decision-making process of the grand jury, it does not state a claim for the writ of *habeas corpus*." We agree. As this court has previously stated, "Whenever proof beyond the judgment and record of the underlying proceedings is required in order to substantiate a claim, such is not cognizable in a habeas corpus action." Sidney Porterfield v. Rickey J. Bell, Warden, No. M2006-02082-CCA-R3-HC, 2007 WL 2702781, at *3 (Tenn. Crim. App. at Nashville, Sept. 17, 2007). Accordingly, we conclude that the trial court did not err in determining that the petitioner was not entitled to habeas corpus relief.

Moreover, we note that although the petitioner has slightly reworded his issues, his claims were raised and addressed in several previous proceedings, namely the voluntariness of his confession and the alleged Miranda violation. Our supreme court has held that "under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal." Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998). In other words,

> "issues previously litigated and decided by a court of competent jurisdiction . . . need not be revisited. This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts."

State v. Jefferson, 31 S.W.3d 558, 561 (Tenn. 2000) (quoting Memphis Publ'g Co., 975 S.W.2d at 306). Accordingly, we conclude that the habeas corpus court did not err in denying the habeas corpus petition.

### III.  Conclusion

Finding no error, we affirm the judgment of the habeas corpus court.

_____

NORMA McGEE OGLE, JUDGE